**ANDERSON v. UNITED STATES.**

(Circuit Court of Appeals, Seventh Circuit. March 5, 1926.

No. 3522.

1. **Internal revenue ⬳39, 40—Person whose net income was not over sum fixed by statute was not required to file income tax return, regardless of his gross income (Revenue Act 1918, § 223 [Comp. St. Ann. Supp. 1919, § 6336⅛kk]).**

Under Revenue Act 1918, § 223 (Comp. St. Ann. Supp. 1919, § 6336⅛kk), person whose net income for taxable year was not over sum fixed by such section was not required to file income tax return, regardless of amount of his gross income.

2. **Internal revenue ⬳47—Indictment charging attempt to defeat or evade income tax must allege facts showing that defendant comes within class required to file return (Revenue Act 1918, §§ 223, 253 [Comp. St. Ann. Supp. 1919, § 6336⅛kk, 6336⅛v]).**

Revenue Act 1918, § 223 (Comp. St. Ann. Supp. 1919, § 6336⅛kk), requiring persons with specified net income to file income tax return, prescribes and defines limited class of persons to whom it applies, and a valid indictment under section 253 (Comp. St. Ann. Supp. 1919, § 6336⅛v), for attempting to defeat or evade tax, must allege facts showing that defendant comes within such class.

3. **Internal revenue ⬳47—Indictment charging that defendant was required to file income tax return held defective, in failing to allege facts showing he belonged to class required to do so (Revenue Act 1918, §§ 223, 253 [Comp. St. Ann. Supp. 1919, §§ 6336⅛kk, 6336⅛v]).**

Allegation in indictment under Revenue Act 1918, § 253 (Comp. St. Ann. Supp. 1919, § 6336⅛v), that defendant was required to file income tax return under section 223 (Comp. St. Ann. Supp. 1919, § 6336⅛kk), held defective in failing to allege facts showing that defendant belonged to class required to file return.

4. **Indictment and information ⬳110(3).**

Ordinarily indictment is sufficient if it charges offense in language of statute.

5. **Internal revenue ⬳47—Allegation of indictment charging attempt to evade income tax that defendant filed return held not to show that he was within class of persons required to do so (Revenue Act 1918, §§ 223, 253 [Comp. St. Ann. Supp. 1919, §§ 6336⅛kk, 6336⅛v]).**

In indictment for attempting to defeat or evade income tax, in violation of Revenue Act 1918, §§ 223, 253 (Comp. St. Ann. Supp. 1919, §§ 6336⅛kk, 6336⅛v) allegation that defendant filed a return was insufficient to show that he was in class of persons required to do so.

6. **Internal revenue ⬳47.**

In passing on sufficiency of indictment for attempting to defeat or evade income tax, there is no presumption that gross income and net income from a business are the same.

7. **Internal revenue ⬳47—Allegation of indictment that income tax return filed by defendant showed gross income to be less by specified sum than it was, held not to show defendant was in class required to file income tax return (Revenue Act 1918, §§ 223, 253 [Comp. St. Ann. Supp. 1919, §§ 6336⅛kk, 6336⅛v]).**

In prosecution for attempting to defeat and evade income tax, in violation of Revenue Act 1918, §§ 223, 253 (Comp. St. Ann. Supp. 1919, §§ 6336⅛kk, 6336⅛v) allegation of indictment that return filed by defendant showed gross income to be less by specified sum than it was, and that, if return had been accepted as true,

government would have been deprived of income tax on that sum, *held* insufficient to show that defendant was in class required to file income tax return, since no tax is assessable on gross income.

Evans, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Edwin Anderson was convicted of willfully attempting to defeat and evade payment of income tax, and he brings error. Reversed and remanded, with directions.

Plaintiff in error was indicted, convicted, and sentenced to pay $5,000 fine on the second count alone of an indictment which is:

"And the grand jurors aforesaid, upon their oath aforesaid, do further present that on March 2, 1921, Edwin Anderson, hereinafter referred to as defendant, late of the city of Chicago, in said division and district, was then and there required by an act of Congress approved February 24, 1919, known as the Revenue Act of 1918, to file with the collector of internal revenue for the First internal revenue collection district of Illinois, his income tax return for the calendar year ended December 31, 1920, verified under oath, stating specifically his gross income and the deductions and credits allowed by the provisions of the said Revenue Act of 1918 and the regulations theretofore made thereunder by the Commissioner of Internal Revenue of the United States, with the approval of the Secretary of the Treasury of the United States.

"And the grand jurors aforesaid, upon their oath aforesaid, do further present, that said defendant then and there willfully did attempt to defeat and evade the income taxes imposed by said Revenue Act of 1918, in that, at the time and place aforesaid, said defendant did file with said collector his income tax return for the calendar year ended December 31, 1920, stating that he had received no income from business or profession during said calendar year; whereas, in truth and in fact, as said defendant then and there well knew, he did, during said calendar year, receive, as the profits accruing to him from a business conducted by said defendant under the name of 'Industrial Machine & Equipment Company,' located at 140 South Dearborn street, Chicago, Ill., a total gross income of $53,125.96, whereby the total gross income for said calendar year was stated in said return to be $53,125.96 less than it was in fact, and, if said return had been accepted as true by said collector,

the United States would have been deprived of the income tax upon that sum—against the peace and dignity of the United States, and contrary to the form of the statute of the same in such case made and provided."

Amos W. Marston, of Chicago, Ill., for plaintiff in error.

John E. Byrne, of Chicago, Ill., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). The 370 pages of brief and argument for plaintiff in error present a plurality of propositions, whereof we need here consider but one—the validity of the count on which the judgment rests. The count is predicated on that part of section 253 of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 6336⅛v) which reads:

"Any individual * * * who willfully attempts in any manner to defeat or evade the tax imposed by this title, shall be guilty of a misdemeanor and shall be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution."

Those required to make return of income tax are specified in section 223 of the act (Comp. St. Ann. Supp. 1919, § 6336⅛kk) as follows:

"That every individual having a net income for the taxable year of $1,000 or over if single or if married and not living with husband or wife, or of $2,000 or over if married and living with husband or wife, shall make under oath a return stating specifically the items of his gross income and the deductions and credits allowed by this title. If a husband and wife living together have an aggregate net income of $2,000 or over, each shall make such a return unless the income of each is included in a single joint return."

[1] If the net income in a given case is not over the sum fixed by the statute, it is wholly immaterial what the gross income was during the year. For example, a married person having gross income of $1,000,000 and lawful deductions which would bring down his net income for the year to $2,000 or under would not be required to make any return at all; whereas, if his net income was $2,001, he would fall within the class required to make a return, and would be obliged to report his $1,000,000 gross income, with the deductions. It is at least interest-

ing to note that by the Revenue Act of 1921 (42 Stat. 227) this has been changed, so that all persons with gross income of over $5,000 must make return, regardless of whatever, if any, the net income may be.

[2] It would follow that a valid indictment under the quoted sections must in some way definitely bring the defendant within the terms of the statute, unless, as the government contends, the general rule against requiring indictments to negative statutory exceptions to liability under it has application here. The statute in question does not declare a general liability and then make certain exceptions to its operation, but it prescribes and defines a limited class of persons to whom it has application. A valid indictment under such a statute must so describe the person charged that, from the facts alleged, he comes within it. Johnson v. United States (C. C. A.) 294 F. 753; Brenner v. United States (C. C. A.) 287 F. 636; 31 C. J. p. 713, § 265.

[3, 4] Concededly there are no direct allegations which bring the defendant within the statutory class, but it is contended for the government that the count has allegations wherefrom it is necessarily to be inferred that the defendant is within the class, first, from the statement therein that under the Revenue Act the defendant was required to make a return for income taxes. It is sufficient ordinarily to charge an offense in the language of the statute, and it would here have been quite sufficient to bring the defendant within the statutory class to have employed the statutory words creating it. The facts should be alleged wherefrom his inclusion within the class would follow. This cannot be done by merely stating that the defendant is a person who is required to do the things the statute enjoins. United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588; Johnson v. United States, supra.

[5] Second, the allegation that the defendant did in fact file a return. This is by no means the equivalent to an allegation that he comes within the class of persons upon whom it was obligatory to do so. Through ignorance, mistake, possibly out of abundance of caution, or other motive, he might have made a return, when the law did not require him to do so, and surely he would not thereby subject himself to a liability which otherwise the law did not impose.

[6, 7] Third, the allegation that the return showed the gross income to be less by $53,-125.96 than it was, and that, if the return made would have been accepted as true, "the United States would have been deprived of income tax upon that sum." This allegation of potential loss of income tax neutralizes itself, since under the law no tax whatever could be assessed upon gross income. There can be no presumption that the gross income and the net income from a business would be the same. Experience is quite to the contrary. A gross income from a business, not reducible by lawful deductions, is scarcely conceivable. Too often the lawful deductions equal or exceed the gross, leaving no net income whatever to be taxed.

We cannot regard any or all of these allegations or statements of the indictment as setting forth facts which bring the defendant within the class of persons required to make return. The want of any such allegation, not only fails to bring the defendant within the statutory class, but fails to show how there could have been a defeat or evasion of income taxes due to the United States, since under the law its income tax is predicable only upon the net income, and in no instance upon gross income, while the allegations of the count are as to gross income, and in no respect of net income, which alone would be taxable. Without net income there was no income tax "to defeat or evade."

The demurrer interposed to the indictment should have been sustained. The judgment is reversed, and the cause remanded, with direction to sustain the demurrer to the count.

EVANS, Circuit Judge, dissents.