## WALKER et ux. v. UNITED STATES.
### No. 10216.

Circuit Court of Appeals, Eighth Circuit.

Aug. 29, 1935.

W. N. Ivie, of Rogers, Ark., for appellants.

Duke Frederick, Asst. U. S. Atty., of Ft. Smith, Ark. (Clinton R. Barry, U. S. Atty., and John E. Harris, Asst. U. S. Atty., both of Ft. Smith, Ark., on the brief), for the United States.

Before STONE and FARIS, Circuit Judges.

STONE, Circuit Judge.

Mr. and Mrs. George Walker bring this joint appeal from convictions for possession of unstamped liquor in violation of section 201 of the Act of January 11, 1934 (USCA title 26, § 267, 48 Stat. 316).

Appellants present three matters as follows: (1) Claimed error in denying suppression of certain evidence asserted to have been procured through illegal search and seizure; (2) claimed insufficiency of the indictment; (3) claimed insufficiency of the evidence.

### 1. Search and Seizure.

The evidence sought to be suppressed consisted of a gallon glass jug and two pint glass bottles, all filled with whisky and none bearing revenue stamps. This evidence was secured in the manner following. Six officers, who were either state or city of Siloam Springs police officials, went one night to the residence of appellants in the outskirts of the city of Siloam Springs to search for contraband liquor held in violation of the state statutes and the city ordinances. They had a search warrant. Previous raids had been made upon this place resulting in destruction by appellants of liquor, which was thrown by the occupants out of a high rear window onto rocks twelve or fifteen feet below, before the officers could gain entrance to the house. On this occasion, four of the officers held a large tarpaulin above the rocks and, while the others were breaking in the front door that had been barred at their approach, caught therein the jug and two bottles thrown out of the window by Mrs. Walker. As soon as the officers broke in the front door, one of them partially read the warrant to her and offered it to her to read, which she refused to do. Thereafter, they searched the house finding some empty bottles, empty glass jugs, and a hose siphon—none of which are involved in this issue of suppression.

Just why this search and seizure were illegal is not clearly stated.[1]

If counsel do not know why the search was illegal, it cannot be expected that this court will supply that deficiency. If the point is that the evidence was procured before the warrant had been read, it is, in the situation here, obviously frivolous. If the point is that the warrant was illegal, there is no word in the record to sustain such. Concededly, no federal official had any part in the transaction, or, so far as the record shows, even knew of the matter until afterwards.

## 2. Sufficiency of Indictment.

■■ The material part of the count upon which the conviction was had is as follows: "That the said George Walker and Mrs. George Walker on the 21st day of June, in the year 1934, in the Fort Smith Division of said district, and within the jurisdiction of said Court, and in the City of Siloam Springs, Benton County, Arkansas, did unlawfully and feloniously have in their possession certain distilled spirits, to-wit, one gallon and one quart of whiskey, contained in a one gallon glass jug and in two glass pint bottles, on which immediate containers no stamps were affixed denoting the quantity of distilled spirits contained therein and evidencing payment of all internal revenue taxes imposed by the United States on such distilled spirits so contained in such immediate containers as aforesaid."

This count was based on the above section 201 (26 USCA § 267) which is: "No person shall (except as provided in section 202 [section 268 of this title]) transport, possess, buy, sell, or transfer any distilled spirits, unless the immediate container thereof has affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evidencing payment of all internal-revenue taxes imposed on such spirits. The provisions of this title [section and sections 268 to 273 of this title] shall not apply to—(a) distilled spirits placed in a container for immediate consumption on the premises or for preparation for such consumption; (b) distilled spirits in bond or in customs custody; (c) distilled spirits in immediate containers required to be stamped under existing law; (d) distilled spirits in actual process of rectification, blending, or bottling, or in actual use in processes of manufacture; (e) distilled spirits on which no internal-revenue tax is required to be paid; (f) distilled spirits not intended for sale or for use in the manufacture or production of any article intended for sale; or (g) any regularly established common carrier receiving, transporting, delivering, or holding for transportation or delivery distilled spirits in the ordinary course of its business as a common carrier."

Insufficiency of the above count is based on the failure to negative therein the exceptions set out in the second sentence of the above-quoted section. The governing rule of law has been clearly stated in United States v. Cook, 17 Wall. (84 U. S.) 168, 21 L. Ed. 538, and McKelvey v. United States, 260 U. S. 353, 43

---

[1] The statement in the brief of appellants is as follows:

"The facts upon which the search was made is undisputed. The search was made by State and City officers without the serving upon either of the appellants with any legal search warrant under the Constitution and Laws of the State of Arkansas or the United States. No federal officer was present or participated in the search. The premises searched was the home of appellants. The search was made in the night-time. The appellant, George Walker, husband, was not present or in the home at the time or during said search. The proceeds of such search was the procuring of one gallon and one quart of alleged whiskey, by catching same on a tarpaulin or sheet held by four of said officers under window at back-side of house, contained in one gallon glass jug and two glass pint bottles. The indictment against appellants was returned and based solely upon the evidence procured by this search and the prosecution and conviction of each of the appellants was upon the evidence alone procured by such search.

"Under the undisputed facts, as above stated, we maintain that said search was clearly a lawless invasion of the home and premises of the appellants and was merely a general exploratory search for the purpose and in the hope that evidence of crime might be found."

This is followed by a quotation from Go-Bart Importing Co. v. United States, 282 U. S. 344, 51 S. Ct. 153, 75 L. Ed. 374, to the effect that the Fourth Amendment is to be liberally construed and courts should be vigilant to prevent violation thereof, following which appellants state:

"Therefore we think that the search herein was clearly illegal. These alleged officers, State and City, had no right to enter the private dwelling of the appellants without legal justification."

S. Ct. 132, 67 L. Ed. 301, as follows: "If the exception is so incorporated with the clause describing the offence that it becomes in fact a part of the description, then it cannot be omitted in the pleading, but if it is not so incorporated with the clause defining the offence as to become a material part of the definition of the offence, then it is matter of defence and must be shown by the other party, though it be in the same section or even in the succeeding sentence" (Cook Case, 17 Wall. 168, at page 176, 21 L. Ed. 538); and "By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it" McKelvey Case, 260 U. S. 353, at page 357, 43 S. Ct. 132, 134, 67 L. Ed. 301.[2] Measuring section 201 by these announcements of the rule, it is clear that the first sentence of the section is a general provision completely defining the elements of the offenses covered thereby, and that the exceptions in the second sentence are neither physically nor logically so incorporated with the subject-matter of the first sentence as to become in fact a part of the description of the offense in that sentence.

### 3. Sufficiency of Evidence.

■ Appellants occupied and had dominion over this small residence. Therein were the jug and two bottles of whisky, a number of empty bottles and glass jugs and a siphon hose. When two of the officers knocked at the front door, Mrs. Walker opened it, but, upon observing the officers, closed and locked the door in their faces and ran toward the rear of the house. While those two officers were breaking in the front door, she threw the jug and bottles of whisky out of the rear window. The jug and bottles were unstamped. In former raids, some of these officers had experienced this same procedure of throwing liquor out this back window onto the rocks twelve or fifteen feet below for the manifest purpose of destroying it as evidence. To doubt the knowledge of appellants that this liquor in unstamped containers was in their house and was illegally there would be childish. To doubt that it was in their conscious possession is likewise foolish. The action of Mrs. Walker in barring the officers and in seeking to destroy this liquor as soon as she saw they were officers leaves no doubt as to knowledge and as to possession. The other bottles and glass jugs and the siphon are strongly supporting as also is the previous experience of the officers with this couple. If there had been no possession by them or either of them, they knew the explanation, and they must have recognized the necessity for presenting such explanation. They remained silent. They had a right to do so. The force of the evidence cannot be increased against them by this silence, but, on the other hand, its legitimate force cannot be diminished by such muteness. Unexplained, this evidence is clearly sufficient.

The judgments of conviction are affirmed.

[2] Some of the cases stating and applying the rule are: Javierre v. Central Altagracia, 217 U. S. 502, 508, 30 S. Ct. 598, 54 L. Ed. 859; Schlemmer v. Buffalo, etc., R. Co., 205 U. S. 1, 10, 27 S. Ct. 407, 51 L. Ed. 681; Ryan v. Carter, 93 U. S. 78, 83, 23 L. Ed. 807; United States v. Dickson, 15 Pet. 141, 165, 10 L. Ed. 689; Weinstein v. United States, 11 F.(2d) 505 (C. C. A. 1); Anderson v. United States, 11 F.(2d) 938 (C. C. A. 7); Keith v. United States, 11 F.(2d) 933 (C. C. A. 6); Daugherty v. United States, 2 F.(2d) 691 (C. C. A. 8), reversed on other grounds, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309; Anderson v. United States, 294 F. 593 (C. C. A. 2); Petersen v. United States, 287 F. 17 (C. C. A. 9); Stetson v. United States, 257 F. 689 (C. C. A. 6); Breitmayer v. United States, 249 F. 929 (C. C. A. 6); United States v. Freed, 179 F. 236 (C. C.); Manning v. United States, 275 F. 29 (C. C. A. 8); Davis v. United States, 274 F. 928 (C. C. A. 9); Hockett v. United States, 265 F. 588 (C. C. A. 9), certiorari denied (sub. nom. Wilson v. United States) 254 U. S. 638, 41 S. Ct. 13, 65 L. Ed. 451; Morris v. United States, 161 F. 672 (C. C. A. 8), certiorari denied 214 U. S. 527, 29 S. Ct. 704, 53 L. Ed. 1068; Smith v. United States, 157 F. 721 (C. C. A. 8), certiorari denied 208 U. S. 618, 28 S. Ct. 569, 52 L. Ed. 647; Shelp v. United States, 81 F. 694 (C. C. A. 9).