## UNITED STATES v. ENGLISH.

### No. 10767.

Circuit Court of Appeals, Fifth Circuit.

Jan. 7, 1944.

Geo. M. Porter, Sr. Atty., District 12, Bureau of Motor Carriers, I. C. C., of Fort Worth, Tex., and Steve M. King, U. S. Atty., and John D. Rienstra, Asst. U. S. Atty., both of Beaumont, Tex., for appellant.

Sam R. Sayers and F. H. Rawlings, both of Fort Worth, Tex., for appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

An information in twenty-two counts was filed against Henry English, charging in substance that he engaged as a common carrier for hire in the transportation of property in interstate commerce by motor vehicle on public highways without having first acquired from the Interstate Commerce Commission a certificate of public convenience and necessity, in violation of Section 306(a) of 49 U.S.C.A. The court below sustained a motion to quash the information on the ground that each count thereof was defective in that it failed to negative the statutory exceptions. Whether or not the information was required to negative the statutory exceptions in order validly to charge an offense is the sole question before us on appeal.

The enacting clause of Section 306(a), supra, is as follows: "Except as otherwise provided in this section and in section 310a, no common carrier by motor vehicle subject to the provisions of this chapter shall engage in any interstate or foreign operation on any public highway, or within any reservation under the exclusive jurisdiction of the United States, unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the Commission authorizing such operations."

The exceptions provided under the section follow in the same paragraph. Since it is conceded that the information did not attempt to negative any of the exceptions under Section 306(a) or Section 310a, no useful purpose would be served by stating them.

■ In the leading case of United States v. Cook, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538, the court held that where a statute defining an offense contains an exception in its enacting clause, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, an indictment founded upon the statute must allege enough to show that the accused is not within the exception; but where the language of the section defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without reference to the exception, the matter contained in the exception must be set up as a defense by the accused. This is the rule of statutory construction universally recognized,[1] and it controls the subject matter of this appeal.

■ Section 306(a) was enacted in its present phraseology by amendments made in 1938 and 1940;[2] the rule of statutory construction announced in the Cook case had then been applied for more than 65 years. If the Congress had intended that the exceptions written into the statute should be for defensive use only, this result might easily have been accomplished by omitting the opening clause of the statute, thereby causing the section to begin: "No common carrier by motor vehicle * * *." See McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301. Instead, Congress chose to begin the statute with the words, "Except as otherwise provided in this section and in section 310a." This deliberate action must be construed to indicate the legislative intent that the exceptions referred to should be read into and construed with the affirmative definition of the offense. Under any other interpretation, the opening clause of the statute serves no useful purpose whatever, for the provisos following the enacting clause suffice alone to set forth exceptions that may be asserted by way of defense.

As the statute is written, the offense created does not include any common carriage in interstate commerce over public highways without a certificate unless none of the stated exceptions applies. The exceptions are a part of the enacting clause of the statute, and are so bound together with the offense defined that the essential ingredients thereof may not adequately be described without a negation of them. The court below so held, and its judgment is affirmed.

WALLER, Circuit Judge (specially concurring).

It seems to me that the opinion of the majority in this case is too broad and too indefinite. It treats Section 306(a) of 49 U.S.C.A. as if it contained numerous exceptions or exemptions or provisos, when a careful reading of the section shows that there is only one exception which would excuse the operation of a motor vehicle in interstate commerce without a certificate of public convenience and necessity, and that exception is that "pending the determination of any such application the continuance of such operation shall be lawful". The information charges the operation of a motor vehicle in interstate commerce without having first acquired a certificate of public convenience and necessity from the Interstate Commerce Commission. No proviso in the Act makes it lawful to operate a motor vehicle in interstate commerce without a certificate of public convenience and necessity other than the proviso that says it shall be lawful to operate while an application is pending. The other provisos and conditions do not relate to an exception or exemption from securing a certificate of public convenience and necessity but relate to the procedure by which a certificate may be obtained.

It seems to me, therefore, that it is necessary under the authorities cited in the main opinion to negative the exceptions, but we should go further and state that the only exception requiring negation is to the effect that there was no application for a certificate of public convenience and necessity pending on behalf of the defendant during the period of operation in interstate commerce covered in the indictment or information. Believing that such a negation should have been contained in the information, I concur in the affirmance of the case,

---

[1] United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588; United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619; Queen v. United States, 64 App.D.C. 301, 77 F.2d 780; Walker v. United States, 8 Cir., 79 F.2d 269; Wheeler v. United States, 5 Cir., 80 F.2d 678; Foster's Federal Practice, 6th Ed., Sec. 497(b).

[2] 52 Stat. 1238, 54 Stat. 923, 49 U.S.C.A. § 306(a).

but I am apprehensive that the opinion of the majority, because of the generality of its expression, will create more confusion than clarity in the interpretation of the Act, although the majority opinion is a correct abstract statement of the law.