**UNITED STATES v. KELLY et al.**

Cr. No. 1149.

District Court, N. D. Indiana,
Fort Wayne Division.

Jan. 29, 1945.

Alexander M. Campbell, U. S. Atty., of Fort Wayne, Ind., and Colin A. Smith, Sr. Atty., Interstate Commerce Commission, of Chicago, Ill., for plaintiff.

Parrish & Parrish, of Fort Wayne, Ind. for defendant.

SWYGERT, District Judge.

The question argued at the hearing on the motion to quash and which is presented by it, is whether the Government should have negatived what the defendants term "exceptions" referred to in the section of the statute under which the indictment is drawn. Title 49 U.S.C.A. § 306(a).

Upon analysis these so-called "exceptions" for the most part do not turn out to be exceptions in the true sense of the word. Other than those motor vehicles exempted from the operation of the law by reason of section 303(b), all common carriers by motor vehicle who engage in interstate or foreign operation on any public highway are divided into four possible classes under sections 306a and 310a. They are: (1) Those carriers who were, or whose predecessors in interest were, in bona fide operation on June 1, 1935, and to whom the commission shall issue a certificate of public convenience and necessity "without requiring further proof that public convenience and necessity will be served by such operation and without further proceedings" if the application for a certificate is seasonably made; (2) those carriers who have made an application for a certificate to be issued under the preceding category, and whose continued operation "shall be lawful" pending the determination of such applications; (3) those carriers to whom the commission may grant under section 310a temporary authority to operate so as to satisfy "an immediate and urgent need" for service in territory where there is no other carrier service capable of meeting such need; and (4) the other common carriers by motor vehicle who engage in interstate or foreign commerce on a public highway. Thus, as pointed out by Judge Waller in his concurring opinion in United States v. English 5 Cir., 139 F.2d 885, the only possible exception which would excuse the operation of a common carrier by motor vehicle in interstate commerce from having a certificate (or temporary authority under section 310a) is where the carrier falls within the second category. Even there, his operation to be lawful without such certificate is only during the pendency of "the determination of such application."

As to the negativing of exceptions in an indictment, the applicable principles are not new nor are they in dispute. There is an unanimity of Government's and defendants' counsel as to these governing principles. This is shown by both citing the leading case of United States v. Cook, 17 Wall. 168, 173, 84 U.S. 168, 21 L.Ed. 538, as authority for their opposing positions. The difficulty that arises is in the

application of these principles of construction to a particular statute. The rule laid down by the Cook case is stated as follows:

"Where a statute defining an offence contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offence that the ingredients of the offence cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception, but if the language of the section defining the offence is so entirely separable from the exception that the ingredients constituting the offence may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defence and must be shown by the accused."

However, as it was pointed out in the Cook case, a mechanical test in applying the rule by determining whether the exception is in the enacting clause or in a subsequent section or statute should not be made. Rather the question is "whether the exception (wherever located) is so incorporated with the substance of the clause defining the offence as to constitute a material part of the description of the acts, omission or other ingredients which constitute the offence." (Words in parenthesis supplied).

The statute requires all common carriers by motor vehicle who operate interstate to have a certificate issued by the commission except those who fall within the provisions of section 303(b) and those whose application is undetermined but pending under the proviso of section 306. If literal construction is required, there is another possible exception, namely, those carriers to whom temporary authority has been given under section 310a. However, none of these define the offense in any of its particulars. It is complete without any of them and none of the ingredients of the crime are missing without them. Their only function, if they be exceptions in fact, is to except some carriers by motor vehicle operating interstate from the necessity of securing a certificate. None of them help mark out the scope of the statutory requirement in the first instance. After its full scope has been delineated by the words "no common carriers by motor vehicle * * * shall engage in interstate or foreign operation on any public highway * * * unless there is in force with respect to such carrier a certificate * * *," the exceptions, regardless of the fact that some of them may be in the enacting clause, at the most exempt certain carriers who would otherwise be subject to the requirement. In other words, the exceptions and so-called exceptions do not define the statutory duty; they merely exempt some who fall within the general class after the full scope of the duty and the class of persons to whom it applies have been circumscribed by other language.

The motion to quash is overruled.