**UNITED STATES v. APEX EXPRESS, Inc.**

**No. 4360.**

District Court, D. New Jersey.

April 7, 1948.

Edgar H. Rossbach, U. S. Atty., of Newark, and Joseph B. Schwartz, Esq. Asst. U. S. Atty., of Perth Amboy, for the Government.

August W. Heckman, of Jersey City, for defendant.

MEANEY, District Judge.

Defendant came before this court for trial on a criminal information filed against it under the provisions of the Interstate Commerce Act, 49 U.S.C.A. § 301 et seq., and more particularly under § 306(a) thereof. On the date of trial, but prior to the commencement thereof, the defendant moved to quash the information contending that it is insufficient upon the grounds that (1) it does not sufficiently inform the defendant of the nature and cause of the accusation against it so as to enable it to prepare its defense, and (2) that the exception in § 306(a) of the statute is not negatived so as to show that the accused is not within the exception.

No formal written motion or notice thereof was filed and further proceedings were stayed pending the filing of briefs by both parties on the questions raised by the motion.

The information bringing the defendant into court is in 20 counts of which paragraph 1 of count one is typical of the language of the first paragraph of each count, with the exception that different dates and different points of origin and destination are shown. Paragraph one of count one is in the following language: "That on, to wit, September 12, 1946, in the District of New Jersey, Apex Express, Inc., a corporation, defendant a common carrier by motor vehicle, unlawfully did knowingly and wilfully engage in an interstate operation on a public highway, in that it did transport a shipment of alcoholic beverages by motor vehicle on public highways from Newark, New Jersey to Washington, District of Columbia, for P. Ballantine & Sons, Consignor, for compensation, without there being in force with respect to defendant a certificate of public convenience and necessity issued by the Interstate Commerce Commission authorizing such interstate operations. (Title 49, Sections 306(a) and 322(a), U. S. Code. [49 U.S.C.A. §§ 306(a), 322(a)])"

The pertinent portions of sec. 306(a), 49 U.S.C.A. § 306(a), provide as follows: "Except as otherwise provided in this section and in section 310a [49 U.S.C.A. § 310(a)], no common carrier by motor vehicle subject to the provisions of this chapter shall engage in any interstate or foreign operation on any public highway, or within any reservation under the exclusive jurisdiction of the United States, unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the Commission authorizing such operations: * * *." Section 322(a) provides for penalties on violation of any of the provisions of the Act where none are otherwise provided for.

■ The defendant's first contention is that the information is faulty on the ground that it does not inform the accused of the nature and cause of the accusation against it, so as fully and clearly to inform defendant of the charge to enable it to prepare a defense.

In support of this contention defendant argues that the information recites that the defendant unlawfully did knowingly and wilfully transport "alcoholic beverages" by motor vehicle from Newark, New Jersey to Washington, D. C. for compensation, without there being in force with respect to defendant a certificate issued by the Interstate Commerce Commission. Defendant then says "However, as reference to the provisions of (section 306(a) and 322(a)) will indicate, there is nothing therein which sets forth that the transportation of 'alcoholic beverages' by common carrier by motor vehicle without a certificate being issued is unlawful."

This the defendant argues indicates that the statutes referred to as having been violated by defendant do not make a crime out of the acts complained of in the information, viz.: there being therein no specific reference to the transportation of "alcoholic beverages". It is contended further, with ample citation of authorities, that the statutory offense upon which an indictment or information is found must be contained within the statute allegedly violated, and failing in that, the indictment is insufficient.

The legal argument made and the law cited are sound enough, but find no application on the motion before the court. The information in this case seems fully to satisfy the legal requirements. It alleges that the defendant is a common carrier by motor vehicle, that it knowingly and wilfully engaged in an interstate operation on a public highway without there being in force with respect to it a certificate of pub-

lic convenience and necessity issued by the Interstate Commerce Commission. The first paragraph further states the date on which the offense is alleged to have occurred, the places between which the carriage took place and the commodity carried. All the required ingredients of the offense are set forth. There is no ambiguity. The additional reference to "alcoholic beverages" simply further defines and describes the acts constituting the offense alleged, it does not seek to create or define a new or different offense. No essential element is missing. The defendant is fully apprized of the offense with which he is charged, and in this respect the information is not invalid on the grounds first asserted.

■ Defendant's second contention merits greater attention. It is therein argued that the exception in sec. 306(a) is not specifically negated and that such failure is a fatal omission.

Defendant relies principally upon the leading Supreme Court case of United States v. Cook, 84 U.S. 168, 21 L.Ed. 538, and the case of United States v. English, 5 Cir., 1944, 139 F.2d 885. In the Cook case the Court laid down the rule that where a statute defining an offense contains an exception in the enacting clause which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception: but if the language defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception becomes a matter of defense to be shown by the accused.

The rule set forth in the Cook case is unquestioned, but its application to the section of the statute here in question is less certain, both to counsel who both cite the Cook case, supra, to support their positions and to the courts where the precise question at bar has been oppositely decided in recent years. Compare United States v. English,

1944, supra and United States v. Kelly, D.C. 1945, 63 F.Supp. 977.

In this court's opinion, the more applicable rule to the instant case is that found in McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301, where the court stated: "By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it."

In United States v. Kelly, supra, the court in considering the identical question with that presently before this court concluded that within the rule of the Cook case the exceptions in section 306(a) were not so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the acts which constitute the offense.

In considering the exception or exceptions contained within section 306(a) the court stated [63 F.Supp. 978]: "However, none of these defined the offense in any of its particulars. It is complete without any of them and none of the ingredients of the crime are missing without them. Their only function, if they be exceptions in fact, is to except some carriers by motor vehicle operating interstate from the necessity of securing a certificate. None of them help mark out the scope of the statutory requirment in the first instance. * * * In other words, the exceptions or so-called exceptions do not define the statutory duty; they merely exempt some who fall within the general class after the full scope of the duty and the class of persons to whom it applies have been circumscribed by other language."

■ The conclusions expressed in the Kelly case (supra) are an accurate and sound interpretation of the rules of good pleading as embodied in the Cook and McKelvey cases and applied to an information founded on the section in question. A similar conclusion seems to have been reached by Judge Forman in United States v. Mer-

tine, D.C.N.J., 1946, 64 F.Supp. 792 where an information similarly was brought under section 306(a) and in which there was no negation of the exceptions of the statute. In the Mertine case the defendants did not direct their arguments to the limitations contained in 306(a) but contended that a claimed exemption under 303(b) (2) should have been negatived in the information. In denying the motions to quash, Judge Forman cited the McKelvey case as the governing principal to the facts as they there appeared.

Prior to the amendments to the Act in 1938 and 1940 a similar conclusion had been reached in United States v. Union Pac. R. Co., D. C., 20 F.Supp. 665 where it was found that the language creating the offense as it then appeared was completely separable from the exceptions thereto.

Following the amendments and change of phraseology, the Court in United States v. English, 1944, supra, reached an exactly opposite conclusion from that in the Kelly case and that adopted in this opinion on precisely the same question. In the English case the Court said that if Congress had intended that the exceptions written into the statute should be for defensive use only, this result might easily have been accomplished by omitting the opening clause of the statute, thereby causing the section to begin [139 F.2d 886]:

"No common carrier by motor vehicle * * *." The court then cited the McKelvey case supra by way of illustration. The court then concluded that the words "Except as otherwise provided in this section and in section 310a * * *" were deliberate and indicated that the exceptions referred to should be read into and construed with the affirmative definition of the offense.

The legislative history of the Act however, fails to support this view. The purpose of the amendment obviously was not to increase or in any manner alter the ingredients of the offense as it was created prior to the amendment. It was enacted for the purpose of granting to the Commission in cases of immediate and urgent need the right to issue temporary operating authority to a motor carrier for a period not to exceed 180 days without hearing or other proceedings * * *. (See House of Representatives Report No. 2714, 75th Cong., 3rd Session, page 3.) To grant such power amendment to certain of the sections of the Act was necessary.

The information herein is founded on a section of the statute which fully defines the offense and is entirely separable from the exceptions to the offense. The elements of the offense are clearly defined and any exceptions must be set up by way of defense.

The motion to quash is overruled.