**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William M. TADIO, Defendant-Appellant.**

**Nos. 332, 333, Dockets 23356, 23357.**

United States Court of Appeals Second Circuit.

Argued May 13, 1955.

Decided June 17, 1955.

Hyman Karnofsky, Buffalo, N. Y., for appellant, James R. Privitera, Buffalo, N. Y., of counsel.

John O. Henderson, U. S. Atty., Buffalo, N. Y., for appellee, Richard E. Moot, Asst. U. S. Atty., Buffalo, N. Y., of counsel.

Before HAND, SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The defendant was convicted after trial to a jury of wilfully attempting to evade and defeat payment of his 1950 and 1951 income taxes, in violation of 26 U.S.C.A. § 145(b), and of wilfully filing a return for each of those years which he did not believe to be true and correct, in violation of 26 U.S.C.A. § 3809(a). He was sentenced to imprisonment for a year and a day on both counts of each indictment, the sentences to run concurrently, and was fined $2,000 on the first count of the tax evasion indictment. His appeal challenges the sufficiency of the indictments, the sufficiency of the evidence to support the jury's verdict, and errors in the conduct of the trial.

■■ The contention that the indictments are insufficient because they do not allege the defendant's net income merits little discussion. The first count of the section 145(b) indictment alleges that he wilfully attempted to defeat and evade "a large part of the income tax due and owing by him and his wife" for the calendar year 1950, by filing a joint 1040A, short form, income tax return stating their total income to be $2,899.92, and the tax thereon to be $139.00 when he "well knew their joint adjusted gross income" was $9,792.38, "upon which there was

owing to the United States of America an income tax of $1,299.24." The second count related to 1951 and was the same as the first except for different figures. An indictment in identical form was sustained in Heasley v. United States, 8 Cir., 218 F.2d 86 with ample citation of authorities. The attack upon the perjury indictment for failure to include the words "net income" is equally unsubstantial. The statute, 26 U.S.C.A. § 3809(a) imposes "the penalties for perjury upon those who wilfully falsify their returns regardless of the tax consequences of the falsehood." Gaunt v. United States, 1 Cir., 184 F.2d 284, 288, certiorari denied 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662.

■ The contention that the evidence is insufficient to support the jury's verdict is fantastic. On such issue the appellate court must view the evidence in the light most favorable to the Government's case, United States v. Manton, 2 Cir., 107 F.2d 834, 839, certiorari denied 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012. The defendant held the office of Plumbing and Building Inspector of the Town of Cheektowaga. He was also engaged in the plumbing business, mostly on small jobs before the summer of 1950, when he and his brother-in-law formed a partnership and made a long term contract with B. G. King Building Corporation for the installation of plumbing in 122 houses at the price of $630 per house. In his 1950 and 1951 income tax returns he reported his salary as Inspector for the Town as his *only* income. He admitted on the stand that on the small jobs "I must have been making a few dollars", and as to receipts from the King contract he told a revenue agent that since he had not reported business income in the past, he feared to start doing so because it would invite an investigation. Much additional evidence also supports the verdict, but it is unnecessary to recite it.

■ At the trial the principal defense was lack of criminal intent in failing to report receipts under the King contract because an accountant, Mr. Langhans, had advised the defendant to use the "completed contract" method of accounting, i. e., not to report income from the King contract until the job was completed. It was not completed until 1953. When Mr. Langhans took the stand to testify to the giving of such advice in 1950, the trial court at first erroneously excluded his testimony. But after the defendant had himself testified as to his conversation with Langhans, the latter was recalled and was allowed to testify. This cured the earlier error.

■ In his charge to the jury the trial judge referred to the defendant's claim that he was not required to make any return as to receipts under the King contract until its completion and emphasized several times that Tadio had no right to adopt the deferred report method of accounting unless he had satisfied the requirements of the Regulations as to keeping books of account and obtaining the consent of the Commissioner to change from the cash basis to the deferred report method of reporting income. In this respect the charge was wrong. The claimed defense bore on the question of criminal intent. If the defendant believed he had the right to use the deferred method, the jury might find he did not "wilfully" evade the tax, whether or not he had the right to use such method. But we think the error was corrected by instructions given at the request of counsel at the conclusion of the main charge. Mr. Privitera requested the court to charge "that if the jury find that the defendant acted upon his understanding of the law, although he was under a misconception, that [sic] it must return a verdict of acquittal." The court replied: "It has to be wilful I will state. It has to be wilful and with intent to violate the law." In reply to a further request Judge Knight said: "It has got to be shown, as I have stated time and time again, it must be wilful. 'He is not wilfully evading a tax if all that is shown is that he made errors of law'. That is true, 'He is not wilfully evading a tax if all that is shown is that he in good faith acted contrary to the regulations laid

762

down by the Bureau of Internal Revenue and the United States Department of the Treasury'. I so charge." These were the court's final words to the jury and we think they must have wiped out any misconception which the jury may have had from the main charge as to the necessity of compliance with the Regulations.

None of the alleged errors in the conduct of the trial is of sufficient importance to deserve discussion. Judge Knight very properly permitted opposing counsel to see the contents of the defendant's trial brief. Nothing prejudicial occurred in admitting or excluding evidence. The claim that he was deprived of a fair trial finds no support in the record.

Judgment affirmed.