**William T. RADFORD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17043.**

United States Court of Appeals
Ninth Circuit.

April 3, 1961.

Francis J. Butler, Spokane, Wash., for appellant.

Dale M. Green, U. S. Atty., Spokane, Wash., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

CHAMBERS, Circuit Judge.

For the years 1953 and 1954, Radford has been convicted of willfully attempting to evade his federal income taxes.[1] The substance of Count II for the year 1953 reads as follows:

"That on or about the 9th day of March, 1954, in the Western District of Washington, Southern Division, William T. Radford, late of Spokane, Washington, who during the calendar year 1953 was married, did willfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him and his wife to the United States of America for the calendar year 1953, by filing and causing to be filed with the District Director of Internal Revenue for the Internal Revenue Collection District of Washington, at Tacoma, Washington, a false and fraudulent joint income tax return on behalf of himself and his said wife wherein it was stated that their adjusted gross income for said calendar year was the sum of $825.37 and that the amount of tax due and owing thereon was 'None', whereas, as he then and there well knew, their joint ad-

justed gross income for the said calendar year was the sum of $9,170.78, upon which said adjusted gross income there was owing to the United States of America an income tax of $1,639.22.

"All in violation of Section 145(b), Internal Revenue Code; 26 U.S.C., Section 145(b)."

(Count III for the year 1954 under the 1954 Internal Revenue Code, 26 U.S.C.A. § 7201 was equivalent in form.) [2]

Section 7201, supra, identical in substance with § 145(b) of the Internal Revenue Code of 1939 is as follows:

"Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than five years, or both, together with the costs of prosecution."

Radford moved to quash the indictment on the ground that "adjusted gross income" is not a concept of taxability. Therefore, no crime was charged. He relied mainly on Anderson v. United States, 7 Cir., 11 F.2d 938, which we shall comment upon herein.

So far as case law is concerned, Heasley v. United States, 8 Cir., 218 F.2d 86, certiorari denied 350 U.S. 882, 76 S.Ct. 134, 100 L.Ed. 778, and United States v. Tadio, 2 Cir., 223 F.2d 759, are squarely against him. The indictment certainly contained the element of the offense in alleging that he falsely stated in his return that the amount of tax due was "none." The reference to adjusted gross income showed a means used along the road to accomplish the violation. It apprised the defendant of a key item in proof he was going to have to meet.

Due to liberalization in pleading under the Federal Rules of Criminal Procedure,

1. On the first count for evading taxes for the year 1952, the appellant was acquitted by the jury.

2. The indictment was returned in the Tacoma division of the Western District of Washington. A change of venue was had to the Eastern District of Washington.

we have some doubt as to whether the Seventh Circuit would today follow the Anderson case, supra. Even in 1926, Circuit Judge Evan A. Evans noted his dissent. Our best appraisal is that Anderson is probably contrary to Heasley and Tadio, although not necessarily. The indictment in Anderson is wordy and not so well drawn as Radford's. In Anderson it can be said that it did charge that $53,125.96 was omitted from gross income and that the United States was "deprived of tax on that sum." Of course, "that sum" is not per se taxable. We find more difficulty than the government in distinguishing Anderson, but we think it not too much to ask Radford to understand under his indictment that the tax owing in the amount of $1,639.22 was on the portion of $9,170.78 of adjusted gross income which the government proposed to prove was taxable income. Obviously, in 1953 there was no statutory tax rate which applied, directly to $9,170.78, would produce $1,639.22. A pencil and the statutory tax rate for the year 1953 would have told the defendant how much "taxable income" he was charged with omitting. Actually he was told more than if he had been charged with skipping a certain amount of taxable income. Thus, in reason we follow the Eighth and Second Circuits.

 Government witnesses were permitted to testify that Radford filed no return for the years 1950 and 1951. This is Radford's second point. He says that mere failure to file is just a misdemeanor, not a felony. See § 7203, Internal Revenue Code of 1954, 26 U.S.C.A. § 7203. Reliance is heavily placed on United States v. Long, 3 Cir., 257 F.2d 340.

But the background is different here than in Long. Here the net worth method was used with 1950 as a starting point. The mere failures to file in 1950 and 1951 did not stand alone. They were details. The failure to pay taxes for 1950 and 1951 on apparently taxable income was clearly brought out. We think that the evidence was admissible in connection with the net worth process, without more. In this case it came in properly as part of scheme or plan for the jury to evaluate. True, mere willful failure to file is just a misdemeanor. But under the circumstances, here it would appear, if the time-barred years 1950 and 1951 had been charged, there was ample evidence that the failure to file was also part of a felony of attempting to avoid the payment of income taxes. Our reading of the rationale of Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, supports our conclusion that the receipt of the testimony was proper. Cf. Palermo v. United States, 9 Cir., 254 F.2d 130, and Himmelfarb v. United States, 9 Cir., 175 F.2d 924.

The judgment of conviction is affirmed.