**UNITED STATES of America**

v.

**W. J. DILLNER TRANSFER COMPANY, a Corporation, Appellant.**

**No. 14098.**

United States Court of Appeals
Third Circuit.

Argued Jan. 11, 1963.

Decided March 6, 1963.

Rehearing Denied March 26, 1963.

Ernie Adamson, Pittsburgh, Pa. (Louis Vaira, Pittsburgh, Pa., on the brief), for appellant.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa. (Joseph S. Ammerman, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, HASTIE and GANEY, Circuit Judges.

HASTIE, Circuit Judge.

The appellant corporation, W. J. Dillner Transfer Co., is a common carrier by motor vehicle, which conducts its business under authority of Certificate of Public Convenience and Necessity No. MC-21623, dated June 1, 1948, authorizing it to transport certain commodities "between points and places in * * * Ohio, West Virginia, Delaware, New Jersey and New York". An information charged this carrier with several violations of section 206(a) of the Interstate Commerce Act, added by 49 Stat. 551 (1935), as amended, 49 U.S.C. § 306(a), which are made misdemeanors by section 222(a) of the Act, added by 49 Stat. 564 (1935), as amended, 49 U.S.C. § 322(a), in that it transported commodities from Plymouth Meeting and Fairless, Pennsylvania, to points in Ohio, thus knowingly and willfully operating beyond the territorial limits of its certificated authority. A jury found the carrier guilty as charged and appropriate fines were imposed. This appeal followed.

We consider first the appellant's argument that the information should have been dismissed for its failure to negative an exception which section 206(a) makes to its requirement that a motor carrier refrain from operations not sanctioned by its certificate. The exception permits a carrier to conduct an uncertificated operation while litigating before the Interstate Commerce Commission an asserted right to continue that operation regardless of present public convenience and necessity on the ground that it originated in the so-called "grandfather" days, prior to June 1, 1935. We think it clear that the fact that no administrative proceeding is pending to establish "grandfather" rights is not an element of the statutory offense of operating without an authorizing certificate. In a proper case the pendency of such an administrative proceeding is a defense, although in this case it is not even contended that this defense is available. In any event, it is not necessary to anticipate that defense in the formal charge of operating without certificated authority. United States v. Apex Express, Inc., D.N.J.1948, 76 F.Supp. 956; United States v. Kelly, N.D.Ind.1945, 63 F.Supp. 977; United States v. Cooper's Express, Inc., D.Mass., June 8, 1962, Crim.No. 60–248–W. The only decision to the contrary, United States v. English, 5th Cir., 1944, 139 F.2d 885, has not been followed and we think it is unsound.

At trial appellant admitted carrying commodities from the Pennsylvania communities of Fairless and Plymouth Meeting to points in Ohio, although the provision of its certificate upon which it relied in terms covered no more than operations from points in New Jersey to points in Ohio. It is appellant's theory that Fairless and Plymouth Meeting in Pennsylvania are within the "commercial zones" of the cities of Trenton and Camden, New Jersey, and, hence, are covered by its authorization to operate in New Jersey. The trial court rejected this contention as a matter of law. This ruling was clearly right. In Commercial Zones and Terminal Areas, 1952, 54 M.C.C. 21, 92–93, the Commission ruled that certificates which grant operating authority limited to a described territory do not authorize service to any point outside of that territory, even though the point in question may be within the commercial zone of a municipality within the described territory. This unequivocal ruling clearly covers the present situation. It is a reasonable construction of general application to certificates granted in terms of a described territory. Nothing has been pointed out to indicate any administrative deviation from this interpretation. Admittedly, the Commission's ruling had repeatedly been brought to appellant's attention.

It is also urged on this appeal that appellant is entitled to serve Fairless and Plymouth Meeting because they are within the area served by the appellant's predecessor in the "grandfather" days. But appellant operates as a certificated carrier pursuant to a formal administrative determination of the territory it may serve. It has neither sought nor obtained from the Commission a broadening of its certificated authority on the basis of the alleged "grandfather" rights which it would have us consider. Contemplating that such rights are matters for administrative determination, Congress has provided in section 206(a) of the Act the narrow permission to continue uncertificated operations while "grandfather" claims are pending before the Commission. Otherwise, a court must accept the carrier's certificate as the source and the definition of its authority. Thus, it is no defense to a charge of operating beyond the limits of its certificate that the carrier believes that it can show "grandfather" rights broader than its certificate.

Finally, there is no merit to a contention of the appellant that requisite willfulness was not established in this case. Appellant knew that its certificate expressly covered New Jersey but did not in terms cover neighboring points in Pennsylvania. It also knew that the certificate as interpreted by the Commission did not give implied sanction to

operations to or from these neighboring Pennsylvania points. Moreover, it took no administrative action to challenge this interpretation or to obtain a modification of its certificate. The charge on willfulness was extremely favorable to appellant. The court told the jury that even if the appellant's certificate did not authorize the transportation in question, there could be no conviction if appellant honestly believed that it did so. On the evidence the jury was justified in concluding that appellant's conduct was a deliberate refusal to respect the plain limitations of the certificate under which it was operating.

The conviction will be affirmed.