## Ex parte BERKOFF.

### Civil Action No. 990.

District Court, D. Minnesota,
Third Division.

May 29, 1946.

Donald D. Harries, of Duluth, Minn., Fred R. Wright, of Milwaukee, Wis., and Harold M. Wilkie, of Madison, Wis., for petitioner.

Victor. E. Anderson, U. S. Atty., and James J. Giblin, Asst. U. S. Atty., both of St. Paul, Minn., for respondent.

DONOVAN, District Judge.

Louis S. Berkoff filed a petition for habeas corpus in this Court, alleging in sub-

stance that he is unlawfully detained in the Federal Correctional Institution at Sandstone, Minnesota, by reason of a judgment and conviction of June 16, 1945, in the United States District Court for the Eastern District of Wisconsin, Honorable F. Ryan Duffy, Judge.

Facts presented by the amended petition and governing here are as follows:

The indictment, challenged in the present case, was returned at the January 1943 Term of the United States District Court for the Eastern District of Wisconsin. It was drawn in one count, and in substance charged:

"That on September 27, 1940, petitioner wilfully made false and fraudulent statements and representations in a matter within the jurisdiction of a department and agency of the United States, to-wit: the Collector of Internal Revenue for the District of Wisconsin, in this, that at the place and on the date aforesaid, Internal Revenue Agents were investigating, auditing and verifying the income and excess profit taxes owed by petitioner to the United States for the calendar years 1930 to 1939 inclusive, and petitioner presented to the agents and officials of the Collector, a schedule purporting to show his net worth as of December 31, 1929, and December 31, 1939, and represented that the typewritten schedule fully and truthfully disclosed his net worth as of those dates, but the schedule was wholly false and fictitious, as the defendant then and there well knew."

Petitioner's offer of $198,471.33, in settlement of liability arising out of income tax violations by him, was accepted by the United States. A plea of guilty was made and entered to the indictment. Thereafter, on June 16, 1945, Judge Duffy, with petitioner before the court for sentence, stated in effect that the tax liability having been settled, a maximum sentence of ten (10) years would not be imposed, and thereupon sentenced petitioner to four (4) years' imprisonment.

The judgment recites:

"The defendant having been convicted on his plea of guilty of the offense charged in the Indictment in the above-entitled cause, to wit: did wilfully, unlawfully and feloniously make false and fraudulent representations in a matter within the jurisdiction of the Collector of Internal Revenue; and the defendant having been now asked whether he has anything to say why judgment should not be pronounced against him, and no sufficient cause to the contrary being shown or appearing to the Court, it is by the Court ordered and adjudged that the defendant, having been found guilty of said offenses, is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for the period of four (4) years in a federal correctional institution."

That the judgment is based upon 18 U. S.C.A. § 80 is undisputed. On October 9, 1945, petitioner moved the court which sentenced him for modification of the judgment of June 16, 1945. The motion was denied. There was no motion to vacate or set aside sentence and judgment in the Wisconsin court. No motion was made to have the plea of guilty withdrawn.

The case at bar is based upon an application for an order to show cause why petition for a writ of habeas corpus should not be granted. Opposing, respondent asks that order to show cause be discharged and the petition for the writ dismissed.

Concisely stated, the issues raised are as follows:

1. Did the United States District Court for the Eastern District of Wisconsin have jurisdiction to impose sentence on petitioner?

2. Does the judgment of conviction violate petitioner's constitutional rights, as provided by the Fifth Amendment, by depriving him of liberty without due process?

Respondent admits that petitioner was not charged with the commission of an offense under Sections 145 and 3616 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, §§ 145, 3616. Hence we are concerned only as to whether or not Section 80 of Title 18 was repealed prior to the return of the indictment upon which the judgment here challenged was based.

The nub of petitioner's contention, to the effect that the court was without jurisdiction to sentence petitioner because of violation of Title 18, Section 80, is that said

Section 80 was repealed by the Internal Revenue Code adopted by Act of Congress of February 10, 1939, and prior to the commission of the offense for which petitioner was indicted. In support of this theory, petitioner argues orally and by brief that 26 U.S.C.A. Section 3616, Internal Revenue Code, should govern, it being "a comprehensive * * * law, covering, and in fact codifying the laws pertaining to an entire subject matter—internal revenue. The later law [sec. 3616], among other provisions, prescribes a carefully planned out and detailed system of enforcement of the internal revenue laws, and includes a complete system of penalties. The penalty provisions of the earlier and more general legislation [18 U.S.C.A. § 80] are repugnant to and inconsistent with those of the Code. To the extent of that repugnancy and inconsistency, it must be concluded that the earlier law, Section 80 of Title 18, has been repealed." Citing: Cook County National Bank v. United States, 1883, 107 U. S. 445, 2 S.Ct. 561, 27 L.Ed. 537; United States v. Yuginovich et al., 1921, 256 U.S. 450, 41 S.Ct. 551, 65 L.Ed. 1043; Grogan v. Hiram Walker & Sons, 1922, 259 U.S. 80, 42 S.Ct. 423, 66 L.Ed. 836, 229 A.L.R. 1116; Norris v. Crocker et al., 1851, 13 How. 429, 54 U.S. 429, 14 L.Ed. 210; United States v. Mammoth Oil Co., 8 Cir., 14 F.2d 705; United States v. One Chevrolet Coupe, D.C.Mo., 1925, 9 F.2d 85. Other cases were cited, but these will suffice.

Petitioner earnestly and with much force contends that the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3616, being later in time, impliedly repealed the older law, 18 U.S.C.A. § 80, describing the offense for which petitioner was indicted. Continuing, petitioner contends the newer law, Section 3616, is a particular enactment having to do with Internal Revenue, while the older law, Section 80, is a general law, and the general should give way to the particular. In this respect, strict construction is required, says petitioner, citing 24 Corpus Juris Secundum, Criminal Law, § 1979, page 1193.

Counsel further argue that a grave injustice has been done petitioner because he was indicted and sentenced pursuant to a law that had been repealed, and being imprisoned, he is deprived of liberty without due process.

 The court has given much thought to everything said and written for petitioner in this proceeding, having in mind that "a petition for habeas corpus ought not to be scrutinized with technical nicety." Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 1017, 65 L.Ed. 1392. Res adjudicata does not apply to the case at bar. Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302.

The adjudication in the Wisconsin court has no bearing on the matter now before this court, but it may help toward a proper understanding of the present case if we summarize what there transpired. On motion for modification of sentence in Wisconsin, counsel advised the court that (and the quotation is from the certified transcript) "it is obvious from an examination of the cases over a long period of years that the most serious cases of tax evasion and of infraction of the Internal Revenue Penal Laws have been brought under Section 145" of the Internal Revenue Code 1940, providing that upon conviction the defendant—

"(a) be fined not more than $10,000, or imprisoned for not more than one year, or both, * * *.

"(b) be fined not more than $10,000, or imprisoned for not more than five years, or both."

It will thus be seen that the principal point now made, to the effect that the foundation law of the indictment was repealed by implication, was not called to the attention of the Wisconsin court. Denying the motion to modify the judgment of June 16, 1945, Judge Duffy, among other things, said:

"After giving the matter very careful consideration I feel that the sentence imposed was not only considerate of defendant's situation * * * but also must stand as a warning to all * * * that a violation of the income tax and revenue laws will be considered a serious matter, and so it is my judgment and determination that the sentence of four years heretofore imposed shall remain."

While the foregoing proceeding in the Wisconsin court cannot be considered res adjudicata in the case at bar, it indicates the consideration given petitioner by an able and understanding court.

The indictment here attacked states an offense under 18 U.S.C.A. § 80, only. The government may have been convinced that an offense in violation of 26 U.S.C.A. Int.Rev.Code, § 3616, could not be proved. The same reasoning could perhaps be applied to consideration of an offense under 26 U.S.C.A. Int.Rev.Code, § 145. The last two statutes require different prerequisites than 18 U.S.C.A. § 80. For instance, Section 3616 requires an "intent to defeat or evade" in order to constitute a false return under its wording, and Section 145 makes it an offense for one to "willfully" fail to pay, or make a return, or keep records, or to "evade or defeat" any tax imposed, or "who willfully makes and subscribes a return which he does not believe to be true." Careful scrutiny makes manifest that they describe offenses that are distinct and separate. "It is a cardinal principle of construction that repeals by implication are not favored." United States v. Bordon Co. et al., 308 U.S. 188, 60 S.Ct. 182, 188, 84 L.Ed. 181. I am of the opinion that there was no repeal of the law under and by virtue of which petitioner was indicted.

Counsel for petitioner persuasively argue and cite impressive authorities in support of the claimed implied repeal of said Section 80, but I am unable to agree that they permit the issuance of the writ of habeas corpus in the case at bar.

In the case of Capone v. United States, 7 Cir., 1931, 51 F.2d 609, 615, 76 A.L.R. 1534, certiorari denied 284 U.S. 669, 52 S.Ct. 44, 76 L.Ed. 566, the point stressed by appellant was in some respects similar to that here made by petitioner. Said Section 80 (slightly different in the Capone case) was claimed by counsel appealing to have been repealed by implication for the reason that Congress had more recently enacted legislation covering income tax penalties of less severity than those applicable under said Section 80. Affirming, the appellate court said:

"Whether section 80, title 18 U.S.C.A., is by implication amended by sections 1266 and 2616, title 26, U.S.C.A. Int.Rev.Code, also presents an interesting and a somewhat close question. Is section 2616 so similar to the amendment to section 80 as to require us to say that the two statutes are in pari materia? We think they are not. Strictly speaking, statutes defining crimes are never in conflict, nor are they inconsistent. Each deals with offenders who do prohibited acts. Such asserted inconsistencies as exist must necessarily be limited to the punishment provisions. The punishment provisions may overlap, but they do not conflict.

\* \* \* \* \*

"The Government contended that even though section 80, as amended, be construed as contended for by appellant, all counts of the first and third indictments state an offense under section 1266, title 26 U.S.C.A. Int.Rev.Code.'

"Judge Wilkerson, in passing upon this question in the District Court, said: 'It is wholly immaterial what statute was in the mind of the district attorney when he drew the indictment, if the charges made are embraced by some statute in force. The indorsement on the margin of the indictment constitutes no part of the indictment and does not add to or weaken the legal force of its averments. We must look to the indictment itself, and if it properly charges an offense under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed that the offense charged was covered by a different statute.' Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 94, 42 L.Ed. 509.

"With this statement we agree. Taylor v. United States, 7 Cir., 2 F.2d 444. If the indictment states a good cause of action against the defendant, under section 1266, title 26 U.S.C.A. [Int.Rev.Code], even though drawn to state an offense under section 80, title 18 U.S.C.A., it is nevertheless invulnerable to attack by demurrer.

"An examination of the second count of indictment No. 21,117 convinces us that the facts there set forth state an offense

under section 1266. The indictments charged appellant with being a person required to pay a tax; that he willfully attempted to evade and defeat such tax; that the means set forth were fraudulent and prompted by criminal motives; and therefore the requirements of said section 1266 were met."

More recently our Supreme Court, in United States v. Gilliland et al., 1941, 312 U.S. 86, 61 S.Ct. 518, 521, 85 L.Ed. 598, was confronted with a problem not unlike that presented here, in that said Section 80 was claimed to be inconsistent with a more recently enacted and specific statute, 49 Stat. 30, 31, 15 U.S.C.A. § 715 et seq., the so-called "Hot Oil" Act. For greater accuracy we quote from the opinion of Chief Justice Hughes:

"Defendant's contention, which the District Court sustained, is that the broad language of the statutory provision here involved should be restricted by construction so as to apply only to matters of a nature similar to those with which other provisions of Section 35 deal, 'such as claims against, rights to, or controversies about funds involved in "operations of the Government,"' that is, to matters in which the Government has some financial or proprietary interest. This contention is sought to be supported by the doctrine of ejusdem generis and the construction given to Section 35 prior to the amendment of 1934, and by reference to the incongruity of the penalty prescribed for violation of Section 35 as contrasted with the penalty prescribed by the Act of February 22, 1935, to the enforcement of which the requirements in question were directed. Defendant also presents the contention, upon which the District Court did not pass, that the Act of February 22, 1935, was intended to cover the entire subject of the exclusion of 'hot oil' from interstate commerce and consequently operated as a repeal of all other provisions dealing with that matter.

\* \* \* \* \*

"Similarly lacking in merit is the contention that the Act of February 22, 1935, operated to repeal Section 35 as amended in 1934, so far as the latter applied to

affidavits, documents, etc., presented in relation to 'hot oil'. There was no express repeal and there was no repugnancy in the subject matter of the two statutes which would justify an implication of repeal. The Act of 1934, with its provision as to false and fraudulent papers, has its place as a fitting complement to the Act of 1935 as well as to other statutes under which, in connection with the authorized action of governmental departments or agencies, the presentation of affidavits, documents, etc., is required. There is no indication of an intent to make the Act of 1935 a substitute for any part of the provision in section 35. See Posadas v. National City Bank, 296 U.S. 497, 503, 504, 56 S.Ct. 349, 352, 80 L.Ed. 351; United States v. Borden Co., 308 U.S. 188, 198, 199, 60 S.Ct. 182, 188, 84 L.Ed. 181."

Counsel for petitioner, with commendable industry, argue that the case last quoted can be distinguished from the instant case. I am not impressed with the distinction. In the present case it is my opinion that "there was no express repeal and there was no repugnancy in the subject matter of the two statutes which would justify an implication of repeal." See also United States v. Noveck, 1927, 273 U.S. 202, 47 S.Ct. 341, 71 L.Ed. 610; General Motors Acceptance Corporation v. United States, 1932, 286 U.S. 49, 52 S.Ct. 468, 76 L.Ed. 971, 82 A.L.R. 600; Edwards v. United States, 1941, 312 U.S. 473, 61 S.Ct. 669, 85 L.Ed. 957; Madden v. United States, 1 Cir., 80 F.2d 672.

■ If Congress had intended to repeal the law here challenged, it would have been a simple matter to give expression to such intent. Repeal by judicial decision is abhorrent and repeal by implication, long held to be not favored, is not warranted here. "A law is not to be construed as impliedly repealing a prior law unless no other reasonable construction can be applied." United States v. Jackson, 1938, 302 U.S. 628, 631, 58 S.Ct. 390, 392, 82 L.Ed. 488.

■ Petitioner next contends that his indictment and sentence, following a plea of guilty, violates his rights under the Fifth Amendment to the Constitution of

the United States; that the law by virtue of which he was indicted and sentenced was unconstitutional and void.

It is my opinion that the law here questioned was constitutional, and the due process guaranteed to petitioner by the Constitution has not been violated.

Displaying scholarly research and much ingenuity, counsel for petitioner contend that "If said Section 80 of Title 18 were not repealed by the Internal Revenue Code as to false statements in tax matters, it was and is unconstitutional and void because of arbitrary and capricious discrimination amounting to the taking of liberty without due process under the 5th Amendment to the Constitution of the United States and particularly because it imposes a penalty up to ten years' imprisonment and $10,000 fine for a false statement not made with any intent to defeat or evade taxes as contrasted with the penalty under Section 3616 of the Internal Revenue Code, * * * of not to exceed one year of imprisonment and fine of not to exceed $1000 where false statements are delivered or disclosed with intent to defeat or evade taxes." The foregoing quotation is taken from petitioner's brief in the present case, and commenting thereupon, counsel directs attention to the paucity of authority tending to support the theory advanced by petitioner, saying: "We have as yet found no decision directly passing on the point that gross discrepancy in penalties between two criminal statutes renders the more onerous act unconstitutional. We believe the true reason for absence of such decisions is probably that acts are universally construed to avoid any serious question of constitutionality and to avoid clear inconsistency."

It is true that counsel appears to have urged Judge Duffy to modify the four-year sentence imposed on petitioner, and to that end asked consideration by the court of "other statutes than the one here involved * * * the comparable provisions of Section 145 of the Internal Revenue Code, as well as this old blanket Statute, Section 35 of the Criminal Code * * *," and went on to say, "We took an appeal * * *. We dismissed that appeal * * * because we concluded that the argument * * * should properly be addressed to the trial court in reduction of sentence." This might be considered a motion for vacation of the sentence, or for resentence in conformity with the law claimed applicable. Had counsel argued in the Wisconsin court with the ability and fervor demonstrated in the instant case, the result may have been different, as I have been informed by counsel that the points here emphasized were not presented to Judge Duffy.

In the instant case I am unable to find that the law invoked to indict petitioner was invalid or repealed, and hence the sentence imposed by the Wisconsin court was within its jurisdiction.

It is my opinion that petitioner has not presented a substantial question of due process, and no constitutional right of his has been infringed upon.

The order to show cause is discharged, and the petition for the writ dismissed.

An exception is allowed petitioner.