## GAUNT v. UNITED STATES.
### No. 4479.

United States Court of Appeals
First Circuit.
July 28, 1950.

Rehearing Denied Sept. 18, 1950.
Writ of Certiorari Denied Jan. 8, 1951.
See 71 S.Ct. 350.

Robert F. Bradford, Boston, Mass. (John A. Perkins, Boston, Mass., with him on the brief), for appellant.

. Fred G. Folsom, Special Assistant to the Attorney General (Theron ·Lamar Caudle, Assistant Attorney General, Ellis W. Slack, Special Assistant to the Attorney General, George F. Garrity, United States Attorney, and Philip . T. Jones, Assistant U. S. Attorney, both of Boston, Mass., with him on the brief), for appellee.

Before MAGRUDER, Chief Judge, and CLARK and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

The defendant-appellant was indicted in six counts for alleged offenses with respect to his federal income taxes for the calendar years 1944, 1945, and 1946, during which period he was on the cash-calendar year basis and filed joint returns with his wife. In counts 1, 2, and 3 it was charged that he "did wilfully and knowingly attempt to defeat and evade a large part of the income tax due and owing by him and his wife to the United States of America" for each of the above calendar years, respectively, "by filing and causing to be filed with the Collector of Internal Revenue for the Internal Revenue Collection District of Massachusetts, at Boston, Massachusetts, a false and

fraudulent joint income tax return on behalf of himself and his said wife", wherein, it may fairly be said without quoting the figures alleged, he had grossly understated their net income for each of the above years, respectively, "in violation of Section 145(b), Internal Revenue Code, 26 U.S.C. Sec. 145(b) [26 U.S.C.A. § 145(b)]." In counts 4 and 6 Gaunt was charged with criminal offenses with respect to amended income tax returns which he filed for himself and his wife jointly for the calendar year 1946, but these counts were dismissed by the trial court on the Government's motion and hence are not before us for consideration. And in count 5 it was charged that Gaunt "did knowingly and wilfully make and cause to be made false and fraudulent statements and representations in a matter within the jurisdiction of a department and agency of the United States, namely, the Collector of Internal Revenue for the Internal Revenue Collection District of Massachusetts," in that he "did file and cause to be filed" with that Collector "a false and fraudulent joint income tax return for the calendar year 1946 on behalf of himself and his said wife", wherein, again we can fairly say without quoting the figures alleged, his total business receipts as a sales agent, and his total compensation as an industrial executive, were both grossly understated, "in violation of Section 35(A) of the Criminal Code, as amended, 18 U.S.C. Sec. 80 [1948 Revised Criminal Code, 18 U.S. C.A. § 1001]."

A trial by jury on pleas of not guilty as to each of the four counts above described resulted in a verdict of not guilty on the first count, but verdicts of guilty on counts 2, 3, and 5. The court below thereupon sentenced the defendant to concurrent terms of imprisonment for 18 months on each of those three counts, and also sentenced him to separate fines of $2,000 on each, and this appeal is from the judgment and commitment embodying those sentences.

The defendant first attacks the sufficiency of the indictment as to counts 2 and 3 on the ground that "The mere making and subscribing of a false return, even though done willfully and with an intent to evade or defeat the tax, is not an 'attempt' to evade or defeat the tax under Internal Revenue Code, Section 145(b)", which, so far as material, provides that "any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution." Arguing by analogy from the case of Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, the defendant contends that the offense of wilfully attempting to evade or defeat the payment of income taxes by the expedient of filing a false and fraudulent return grossly understating taxable income, which is the offense with which he was charged in counts 2 and 3, is not comprehended within the meaning of the above quoted subsection for the reason that that offense is specifically described in the succeeding subsection (145(c)) which, as in force at the times involved, read: "Any individual who willfully makes and subscribes a return which he does not believe to be true and correct as to every material matter, shall be guilty of a felony, and, upon conviction thereof, shall be subject to the penalties prescribed for perjury in section 125 of the Criminal Code [18 U.S.C.A. § 1621]", to wit, a fine of not more than $2,000 and imprisonment for not more than five years.

In the Spies case it was held that mere proof of a wilful failure to file any return at all, coupled with failure to pay any tax, will not support a conviction for the felony described in § 145(b) supra, for the reason that such proof establishes nothing more than the misdemeanor described in § 145(a), quoted so far as material in the margin,[1]

---

1. "Any person required under this chapter to pay any * * * tax, or required by law * * * to make a return * * *

who willfully fails to pay such * * * tax, make such return * * * shall, in addition to other penalties provided

and it ought not to be assumed "that Congress by the felony defined in § 145(b) meant no more than the same derelictions it had just defined in § 145(a) as a misdemeanor." 317 U.S. 497, 63 S.Ct. 367.

The defendant's argument is that in the case at bar the Government has proved at the most that he wilfully made and subscribed a tax return which he did not believe to be true and correct as to every material matter, and hence proved only the offense described in § 145(c). Therefore he says that it follows by parity of reasoning from the Spies case that he could not be validly convicted of a wilful attempt in any manner to evade or defeat taxes under § 145(b), for to sustain a conviction under that subsection more must be shown than a false return wilfully made, as, for instance, "keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal." Spies v. United States, supra, 317 U.S. at page 499, 63 S.Ct. at page 368, which, he says, the Government failed to do.

 The defendant's argument rests upon the fallacious premise that an indictment under § 145(b) charging the filing of a false and fraudulent return as the manner of attempting to evade or defeat payment of income taxes defines a crime the elements of which are identical with the crime defined and made punishable by § 145(c). It seems to us clear that the latter subsection makes it a felony merely to make and subscribe a tax return without believing it to be true and correct as to every material matter, whether or not the purpose in so doing was to evade or defeat the payment of taxes. That is to say, it seems to us that the sub-

section's purpose is to impose the penalties for perjury upon those who wilfully falsify their returns regardless of the tax consequences of the falsehood. Whereas subsection 145(b) condemns as felonious wilful attempts to evade or defeat taxes "in any manner", and one manner, certainly, is by the wilful filing of a return known to be false in some material respect. Thus while the proof of an offense under subsection 145(b) may incidentally also prove an offense under § 145(c), it must in addition indicate an intent in some manner to evade or defeat a tax which is due. In brief, it seems to us evident that the scope of the two subsections is different with respect to an attempt to evade or defeat taxes, and certainly the language of § 145(b) is broad enough to include the filing of a false and fraudulent return as a punishable manner of attempted tax evasion. And we are not precluded from regarding a wilfully false tax return as a punishable manner of attempted tax evasion by the enumeration of other possible methods by the Supreme Court in the above quotation from its opinion in the Spies case, for the court was careful to say that its list of possible methods was given "By way of illustration, and not by way of limitation" upon the scope of the statutory language. In accord in principle with our view see Cave v. United States, 8 Cir., 159 F.2d 464, certiorari denied 331 U.S. 847, 67 S.Ct. 1732, 91 L.Ed. 1856, rehearing denied 332 U.S. 786, 68 S. Ct. 34, 92 L.Ed. 369; Myres v. United States, 8 Cir., 174 F.2d 329, certiorari denied 338 U.S. 849, 70 S.Ct. 91; United States v. Croessant, 3 Cir., 178 F.2d 96, certiorari denied 339 U.S. 927, 70 S.Ct. 626 and in direct accord see Taylor v. United States, 9 Cir., 179 F.2d 640. Jones v. United States, 5 Cir., 164 F.2d 398, heavily relied upon by the defendant, is not in point for in that case the court ordered a new trial for error in the charge, not dismissal for failure properly to allege a crime.[2]

by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution."

2. This conclusion renders it unnecessary for us to discuss the defendant's argu-

ment that the court below erred in certain of its rulings, and also in certain of its instructions to the jury, with respect to the requirements for an "attempt" within the the meaning of § 145(b) for those arguments are predicated upon the hypothesis that the mere filing of a

The next matters for consideration are the defendant's allied contentions first that count 5 of the indictment states no offense under § 35(A) of the Criminal Code under which it was drawn, and hence should have been dismissed or the defendant ordered acquitted thereunder, and second that, if by any theory both counts 3 and 5 of the indictment are held to be valid, then they are for one and the same offense, and for that reason the defendant's motion to require the Government to elect between those counts, which the court below denied, should have been granted.

Section 35(A) of the old Criminal Code, 18 U.S.C.A. § 80, (1946 Ed.) under which count 5 was drawn, as in effect at the time of the offenses alleged, provided so far as material that " * * * whoever shall knowingly and willfully falsify or conceal or cover up by any trick, scheme, or device a material fact, or make or cause to be made any false or fraudulent statements or representations * * * knowing the same to contain any fraudulent or fictitious statement or entry in any matter within the jurisdiction of any department or agency of the United States * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both." It is the defendant's first contention that Congress by the subsequent enactment in 1942 of § 145(c) of the Internal Revenue Code repealed the above quoted section of the Criminal Code in so far as offenses defined in the later enactment are concerned, for in that later enactment, as already appears, Congress specifically provided that "any individual who willfully makes and subscribes a return which he does not believe to be true and correct as to evey material matter, shall be guilty of a felony, and, upon conviction thereof, shall be subject to the penalties prescribed for perjury in section 125 of the Criminal Code [now 18 U.S.C.A. § 1621]." He does not contend that subsequently enacted § 145(c) of the Internal Revenue Code repealed § 35(A) of the Criminal Code for all purposes, or even

for all internal revenue purposes. He concedes that as to some internal revenue matters there is a distinction between the scope of the two statutes. What he contends is that where the attempt is to make out a violation of § 35(A) by the filing of a false income tax return, as in the case at bar, there is no distinction between the offense defined in that section and the offense defined in § 145(c) of the Internal Revenue Code, and hence that the specific provisions of the later statute must be construed as superseding the general provisions of the earlier one.

■■■ We concede the force of the contention, as did the court below. We incline to the view, however, that the court below was correct in its conclusion that the contention is ruled against the defendant in United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598. See also Bartlett v. United States, 10 Cir., 166 F.2d 920, 927; United States v. Heine, 2 Cir., 149 F.2d 485, 487, certiorari denied 325 U.S. 885, 65 S.Ct. 1578, 89 L.Ed. 2000, and Ex parte Berkoff, D.C., 65 F.Supp. 976. But however this may be, the point is now moot for it is authoritatively established that a conviction may be sustained on the basis of a statute other than that cited in the indictment, if the error in citation did not mislead the defendant to his prejudice, Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 42 L.Ed. 509; United States v. Hutcheson, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L. Ed. 788; Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., it being enough if an indictment or count clearly charges an offense under any law of the United States. And it seems to us that count 5 adequately charges an offense under § 145(c) of the Internal Revenue Code, and that the citation therein of § 35(A) in its stead did not mislead the defendant to his prejudice in the preparation or presentation of his defense. In short, we think the count fully apprised the defendant of the charge which he was called upon to defend and did defend. Therefore there was no

false return, even though done wilfully with an intent to evade or defeat taxes, is not an "attempt" under that subsec-

tion. Since the hypothesis is in error, there is no need to discuss these arguments.

error in permitting the jury to consider the question of the defendant's guilt under count 5, and since the sentence imposed on count 5, both as to fine and imprisonment, is within the permissible maximum limits of § 145(c), it follows that so far as the contention under consideration is concerned there was no error in the sentence imposed on that count.

■ But the defendant contends that counts 3 and 5 allege one and the same offense, and for that reason his motion to require the Government to elect between them should have been granted. What we have already said with respect to the difference in the scope of § 145(b) and the scope of § 145(c) disposes of this contention. To be sure the offense charged in count 5 is an incidental step in the consummation of the completed offense of attempted defeat or evasion of tax by means of a false and fraudulent return charged in count 3. In short, count 5 charges a crime within the crime charged in count 3. But, as this court recently held in Ekberg v. United States, 1 Cir., 167 F.2d 380, 384 et seq., this does not prevent submission of both counts to the jury. It does, however, require that sentence be imposed on the more inclusive count only, or that a single sentence be imposed on the counts as a whole, provided, of course, that the penalty is within the maximum limits specified for the more inclusive offense, or that sentences within the applicable limits be imposed on both counts to run concurrently. 167 F.2d 385, 386. Thus as we see it the judgment appealed from must be amended by striking therefrom the separate $2,000 fine imposed on count 5.

We turn now to the defendant's contention that "The evidence did not prove beyond a reasonable doubt that the defendant acted 'wilfully', and the Court erred in refusing to give requested instructions as to the meaning of the term."

■ The defendant rests the first part of this contention on the broad proposition that "wilfulness within the meaning of any of the statutes in question cannot be inferred merely from proof of understatement of income on the defendant's tax returns," and that "such proof was the only proof offered by the Government in the course of its case." At the outset it must be pointed out that the defendant by offering evidence on his own behalf elected to abandon his motion for acquittal made at the close of the Government's case and to rely upon a subsequent motion to the same effect made at the close of all the evidence, United States v. Goldstein, 2 Cir., 168 F.2d 666, 669, 670; Mosca v. United States, 9 Cir., 174 F.2d 448, 450, 451 and cases cited [3] which he made, so that this later motion is the only one for consideration on this appeal. Hence the sufficiency of the evidence as a whole to establish the defendant's wilfulness must be considered, not merely the sufficiency of the evidence offered by the Government alone on that issue. And an examination of all the evidence convinces us of its sufficiency with respect to the defendant's wilfulness.

Wilfulness is, of course, a question of fact. But direct proof thereof is not essential. It may be inferred from acts and circumstances, and the inference may be drawn from a combination of acts and circumstances, although each separate act and circumstance standing alone is inconclusive. Battjes v. United States, 6 Cir., 172 F.2d 1, 5. Moreover, in cases of this sort "affirmative willful attempt may be inferred from * * * any conduct, the likely effect of which would be to mislead or to conceal." Spies v. United States, supra, 317 U.S. 499, 63 S.Ct. 368. Thus mere understatements of income by the defendant are not by any means the sole criterion for determining the wilfulness of his alleged attempts to evade or defeat his taxes. His understatements of income must be viewed in their setting, and so viewed we are convinced that the jury could well find that the understatements were wilful, for if the jury accepted

3. We are unable to discern any contrary indication in the per curiam decisions of the Supreme Court in Sherwin v. United States, 312 U.S. 654, 61 S.Ct. 618, 85 L.Ed. 1104 and Hemphill v. United States, 312 U.S. 657, 61 S.Ct. 729, 85 L. Ed. 1106, upon which the defendant relies.

the Government's evidence, as it was entitled to do, it could well have found that the defendant was an intelligent, astute and successful business executive with many years of experience who had full records of his income available, and that the understatements in his returns for the years involved, which he made out himself, ·were gross. Under these circumstances it seems to us clear that the jury could very reasonably have inferred that beyond a reasonable doubt the defendant's understatements of income were made wilfully in an attempt to evade or defeat taxes, and wholly discounted his defense that those understatements for the most part were made stupidly or carelessly. Thus we do not have here a case in which on the objective facts an inference of innocence is as strong as an inference of guilt, and the defendant's argument on that score does not call for consideration.

 And the trial court's instructions on the issue of wilfulness were clear and adequate. Without going into a detailed analysis of each of the defendant's requested instructions on this issue which the court below denied, it will suffice to say that an examination of the evidence and the charge discloses that such of those requests as were not given in substance were either erroneous or misleading, or if given would have unduly burdened the charge with unnecessary and confusing detail. The charge as given seems to us accurate and adequate, and eminently fair to the defendant on the issue of wilfulness as the excerpt therefrom in the margin indicates.[4]

 The defendant also complains of the charge in that the trial court refused his requests to instruct the jury as to the law with respect to the taxability of income received by the defendant as the result of several business transactions entered into by the defendant during the years involved, which income the Government contends he grossly understated in his returns—his theory being that "In order for the jury to conclude with respect to any transaction that the defendant did what he did with a fraudulent purpose to defeat and evade his tax, it would be essential for the jury first to find that in his treatment of the transaction he did defeat and evade the tax."

A careful examination of the record discloses no basis for the conclusion that the defendant reported any one of the business transactions in question in compliance with the applicable tax law or Treasury Regulations. Indeed his defense at the trial was not to deny that he had illegally understated his taxable net income from those transactions, but that his understatements with respect thereto were not wilful, but were the result of carelessness, stubborness, or negligence, and that certain other misstatements in his returns as to minor matters, although technically erroneous, did not in fact result in an understatement of his taxable net income. The Government's evidence, on the other hand, tended clearly to disprove all this. The issue at the trial, and as we read the record the only issue there, was whether the understatements· were made wilfully or innocently, not whether the returns complied with the applicable law and regulations, and from this it follows that there was no occasion to burden the charge, and undoubtedly confuse the jury, with a discussion, which could only be complicated, of several intricate aspects of income tax law.

---

4. " 'Wilfully' means knowingly, and with a bad heart, and a bad intent; it means having the purpose to cheat or defraud or do a wrong in connection with a tax matter. It is not enough if all that is shown is that the defendant was stubborn or stupid, careless, negligent, or grossly negligent. .A defendant is not wilfully evading a tax if he is careless about keeping his books. He is not wilfully evading a tax if all that is shown is that he made errors of law. He is not wil-

fully evading a tax if all that is shown is that he in good faith acted contrary to the regulations laid down by the Bureau of Internal Revenue and the United States Department of the Treasury. He certainly is not wilful if he acts without the advice of a lawyer or accountant, for there is no requirement that a taxpayer, no matter how large his income, should engage a lawyer or an accountant."

Of the two objections to the admission and exclusion of evidence argued by the defendant but one calls for any notice at all, and that only by the citation of United States v. Johnson, 319 U.S. 503, 519, 63 S. Ct. 1233, 87 L. Ed. 1546.

This brings us to the defendant's last contention which is that the court below abused its discretion in denying his motion for a new trial. We deem it necessary to discuss only two of the grounds advanced in support of this motion.

Counsel for the defendant in the course of his argument to the jury called attention to the fact that the defendant had been elected to the Governor's Council in November 1946, that his term of office began in January 1947, that investigation of his income tax returns for the years involved began in February 1947, that at no time had he been sent a thirty day letter, a ninety day letter, or been given by the Government "an opportunity to pay what he owed" and then asked rhetorically: "Is it possible, Mr. Foreman and Gentlemen, that the Government, the Internal Revenue Bureau, the agents, jumped in with alacrity upon him as a Governor's Councillor?" Subsequently, no doubt moved by these remarks, the court below said in its charge: "I am very sorry that there was an issue of politics raised in this case. No man in this courtroom, I am sure, is interested in considering political questions with respect to this case. You are not here as Republicans or Democrats or Socialists, and I have no reason to believe that anyone else is here in a partisan capacity. A man is here to be judged on the basis of his tax record, not his political record. And I have no reason to suppose that the Grand Jury differed one bit from you gentlemen in acting according to their consciences and their views of justice. A man who is or has been a member of the Governor's Council is entitled to just as good a break as a man who has not been, and he is not entitled to one bit better break."

■■■■ Counsel for the defendant contends that the above portion of his argument constituted "a legitimate comment upon evidence in the case" and that although the trial court "was entitled to com-

ment on the evidence", it was not entitled to take from the jury "the right to consider any inference based on evidence, however slight, of an attempt to use the criminal law against a citizen for political purposes." Indeed, he says that the action of the court in so doing was so highly prejudicial as to warrant a new trial, not as a matter of discretion, but as a matter of law. We cannot agree. In fact we think the court below correctly refused to permit a charge so serious as that government officials were actuated by political motives in matters of this sort to rest upon so slight a foundation. Furthermore, the proper issue before the jury was the guilt or innocence of the defendant on the evidence presented; and pure speculation as to motivation of the prosecuting officials introduced an extraneous issue of the red herring variety. Certainly we cannot say that the court below abused its discretion in doing what it did. Nor do we need to pause for long over the defendant's further contention that the sentence in the above quoted portion of the charge with respect to the Grand Jury constituted highly prejudicial error in that it permitted the jury to give "weight to the action of the Grand Jury which it was not entitled to have." It will suffice to say that the court's passing comment with respect to lack of reason to suppose any impropriety on the part of the Grand Jury was warranted under the circumstances, and that misinterpretation of that remark by the jury can hardly be supposed in view of the court's instruction at the outset of its charge that the indictment "is not evidence in the case", but "a mere charge or presentment which was made by the Grand Jury after hearing only one side of the case. Moreover, the Grand Jury may or may not have heard some of the same evidence which you heard."

■■■■ Finally the defendant contends that a grave enough error to warrant a new trial as a matter of law occurred when the prosecutor toward the end of the trial asked a defense character witness: "Did you also hear that the defendant was convicted for violation of the labor laws in—." Concededly the question was cut short as indicated

by objection of counsel for the defendant, and the court at once told the jury: "The objection is sustained and it is an improper reference, and the jury will totally disregard it." A conference at the bench followed at which the court said to counsel that it was "not the sort of thing that should be done", but that "It is not sufficiently prejudicial to warrant a new trial."

We agree with the court below that the question was properly cut short and excluded. The controlling cases, Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168, and Malatkofski v. United States, 1 Cir., 179 F.2d 905, do not go further than somewhat unenthusiastically to permit in discretion questions of the kind under consideration with respect to offenses involving moral turpitude or dereliction of some sort, such as conspiracy to steal, or receiving stolen goods, respectively, whereas the broad general question in the present case with respect to some unspecified violation of the labor laws has no more direct tendency to show moral turpitude or dereliction than a broad general question with respect, for instance, to some unspecified violation of the motor vehicle laws. And it is more prejudicial. In short, discretion exists as to questions with respect to offenses from which defective moral character may be inferred, but does not exist as to questions with respect to offenses from which no such inference is permissible. Questions of the latter sort probe not only irrelevant but also prejudicial matter which must be excluded as a matter of law. But we are not by any means prepared to say that the question asked was so highly prejudicial as to warrant us in ordering another trial as a matter of law. The court below was in a far better position than we to judge the prejudicial effect of the question upon the jury, and the adequacy of the corrective measure taken. We cannot say that that corrective measure was so hopelessly inadequate as to warrant the conclusion that the trial court abused its discretion in refusing to grant a new trial on that score.

The judgment of the District Court is modified by striking therefrom that part imposing a fine of $2,000 on count 5, and by changing the total of fines from $6,000 to $4,000, and as modified said judgment is affirmed.

MAGRUDER, Chief Judge (concurring).

I concur in the judgment and in general in the opinion of the Court.

With reference to the question which the prosecutor asked of a defense character witness, "Did you also hear that the defendant was convicted for violation of the labor laws in—": This type of question may be permissible in the discretion of the trial judge, provided the proper factual basis for it exists. Malatkofski v. United States, 1 Cir., 1950, 179 F.2d 905, 913, 914; Michelson v. United States, 1948, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168. Here the judge excluded the question at the outset and directed the jury to disregard it. Counsel for the defendant did not ask for a mistrial at that point. After the jury brought in its verdict, the defendant moved for a new trial for the reason, among others, that he had been substantially prejudiced and deprived of a fair trial as a result of the action of the prosecutor in asking the character witness the foregoing question. The reasons given by the judge for denying a new trial on that score seem to me to be adequate. Defendant was not entitled to a new trial as a matter of law, and it seems to me obvious that the trial court cannot be said to have committed an abuse of discretion in denying the motion. See Sears v. United States, 1 Cir., 1920, 264 F. 257, 264.

The effect of what we do is that the defendant will have to serve concurrent sentences of 18 months and pay aggregate fines of $4,000. I think the conviction on count 5 is clearly invulnerable, for the reasons indicated in the Court's opinion. Therefore, though I agree that the convictions on counts 2 and 3 should also be affirmed, it may be worth while to point out that even if we had concluded that the defendant had been improperly convicted on those two counts, all we would have done would have been to set aside the judgment of conviction and the sentences as applied to counts 2

and 3, leaving standing the judgment of conviction on count 5 with the sentence thereon of 18 months' imprisonment and a fine of $2,000. See Jarvis v. United States, 1 Cir., 1937, 90 F.2d 243, 246-247. Giugni v. United States, 1 Cir., 1942, 127 F.2d 786, 792.