**UNITED STATES v. NORRIS.**

No. 260, Docket 22683.

United States Court of Appeals Second Circuit.

Argued April 8, 1953.

Decided July 24, 1953.

George B. Doyle, Samuel E. Chasin, Buffalo, N. Y., for defendant-appellant.

George L. Grobe, U. S. Atty. for Western District of New York, R. Norman Kirchgraber, First Asst. U. S. Atty., Buffalo, N. Y., for appellee.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The appellant was tried by a jury on an indictment charging the violation of Section 145(b) of Title 26 U.S.C., in that he willfully attempted to defeat and evade the federal income tax by filing false and fraudulent returns for the calendar years 1944, 1945 and 1946. He was convicted only on the count charging the offense by filing the 1945 return and has appealed from the judgment and sentence, a fine and a sus-

pended imprisonment sentence having been imposed. Insufficiency of the evidence and errors during the trial are relied on for reversal.

The appellant had for some years been a tavern keeper in Buffalo, New York, and in 1945 his income was derived solely from that business and from a rooming house he operated in conjunction with it. His net taxable income for 1945 as reported on his return for that year was $3,872.48, and this amount agreed with that shown by such books as were kept. However, it was the government's position that the books of account were inaccurate and incomplete, and it sought to prove a violation of Section 145(b) by showing that a comparison of appellant's net worth at the beginning and end of 1945 was inconsistent with the small amount of income reported for that year.

There was evidence from which the jury could have found that at the end of 1945 the appellant's net worth was at least $10,000, and possibly $20,000, more than it had been at the beginning of that year, and that the increase could not be accounted for by gifts or other nontaxable receipts. Also justified would have been findings that the appellant's books of account were inaccurate and failed to reflect all of the receipts from his tavern and rooming-house business, and that the appellant did not disclose to the person he employed to make out his tax return additional income which he had received.

Mere failure to make a complete and accurate report of income for taxation would have been less than enough to support the verdict. The failure must have been willful in the sense that it was with intent to attempt thereby to evade the payment of income taxes which would have been shown by a correct return to have been lawfully payable. See Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418. But the willfulness of the accused in making the attempt need not necessarily have been established by direct proof. That was a question of fact for the jury, and proof of the setting in which the false return was filed could supply an adequate basis for such a finding. United States v. Commerford, 2 Cir., 64 F.2d 28; United States v. Miro, 2 Cir., 60 F.2d 58; Maxfield v. United States, 9 Cir., 152 F.2d 593, certiorari denied, 327 U.S. 794, 66 S.Ct. 821, 90 L.Ed. 1021. See also Gaunt v. United States, 1 Cir., 184 F.2d 284, certiorari denied, 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662.

Nor does proof of the violation of Section 145(b) require showing eventual success, if any, in the evasion of the payment of income taxes. The gist of the offense is the willful attempt to evade any substantial part of the tax due and the actual amount due need not be proved, United States v. Ragen, 314 U.S. 513, 62 S.Ct. 374, 86 L.Ed. 383; United States v. Schenck, 2 Cir., 126 F.2d 702, 704; and the evidence as a whole was sufficient to support a finding that there was such an attempt.

Exhibit No. 23 is an application dated October 1941, made by the appellant to a bank for a loan. In the application the appellant stated that his total assets at that time were $6,200. The body of the application is not in the appellant's handwriting, but he signed it; and it was for the jury to decide whether it correctly reflected his net worth of that time. The appellant's statement as to his net worth was admissible in evidence as an admission; and the application, as evidence of such admission, was admissible as a record kept by the bank in the ordinary course of its business, Title 28, U.S.C. § 1732.

Error is charged in the refusal to permit the appellant to call his wife as a witness in his behalf. She would, of course, have been a competent witness. Funk v. United States, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369. But nothing more need be said in this regard for the record shows that the appellant made no attempt to make her his witness and was denied no right to have her testimony in evidence.

Exception was taken to certain portions of the charge as given and to the failure to charge as requested. They present nothing which deserves discussion. The charge as a whole was a correct submission of the issues in a way which left the jury

free to find the facts as it determined they were established by the evidence. That it did so with discrimination is indicated by the acquittal of the appellant on two counts in the three-count indictment.

Judgment affirmed.