**UNITED STATES of America, Plaintiff,**

v.

**Joseph DiVARCO and Joseph Arnold, Defendants.**

**No. 72 CR 177.**

United States District Court, N. D. Illinois, E. D.

June 6, 1972.

Michael P. Siavelis, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

John Powers Crowley, Crowley & Nash, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

WILL, District Judge.

The government is prosecuting the defendants in this case pursuant to an indictment which charges each of them with having made "a false statement as to a material matter on their respective 1965 United States Individual Income Tax Return," in violation of 26 U.S.C. § 7206(1), in that each reported income from commissions paid them by Chemical Mortgage & Investment Corporation never having received any income from such a source, thereby falsely stating the source of their reported income. In addition, they are charged with conspiring with Irwin J. Davis and other persons unknown to the government falsely to state a material matter, the source of their income, on their tax returns. The defendants have moved to dismiss

the indictment on the ground that the source of one's income as distinguished from the amount of one's income is not a material matter which can be falsely stated within the meaning of 26 U.S.C. § 7206(1). Defendants' motion is denied inasmuch as we find the source of income to be such a material matter.

That statute provides in pertinent part:

> § 7206. *Fraud and false statements*
> Any person who—
>
> (1) Declaration under penalties of perjury.—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter;
>
> .    .    .    .    .    .
>
> shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution.

Defendants' essential argument is that the source of one's income is not a material matter within the meaning of 26 U.S.C. § 7206(1), and that a false statement of the source of income on one's tax return is not an indictable offense. They contend that the only material matter on a tax return that is indictable is the amount of one's taxable income. They continue that, since an overstatement of taxable income is not an indictable offense, citing Poonian v. United States, 294 F.2d 74 (9th Cir. 1961), no valid prosecution can be maintained under 26 U.S.C. § 7206(1) without a showing of understatement of the defendants' taxable income.

The question whether misstatement of the source of one's income alone without a misstatement of the amount of one's income is indictable under 26 U.S.C. § 7206(1) is one of first impression. The government has cited a number of cases in support of their position that an in-

dictment for the misstatement of source of income alone is valid. *See* United States v. Jernigan, 411 F.2d 471 (5th Cir. 1969), cert. denied 396 U.S. 927, 90 S.Ct. 262, 24 L.Ed.2d 225; Gaunt v. United States, 184 F.2d 284 (1st Cir. 1950), cert. denied 340 U.S. 917, 71 S. Ct. 350, 95 L.Ed. 662 (1951); United States v. Null, 415 F.2d 1178 (4th Cir. 1969); United States v. Lodwick, 410 F.2d 1202 (8th Cir. 1969); Schepps v. United States, 395 F.2d 749 (5th Cir. 1969); Siravo v. United States, 377 F.2d 469 (1st Cir. 1967); Silverstein v. United States, 377 F.2d 269 (1st Cir. 1967); Hartman v. United States, 245 F.2d 349 (8th Cir. 1957); United States v. Tadio, 223 F.2d 759 (2d Cir. 1955); United States v. Rayor, 204 F.Supp. 486 (S.D. Cal.1962). The defendants have correctly noted that none of these cases involved an indictment solely for the false statement of the source of income. Technically, not one of the cases proffered by the government holds that a false statement as to the source of income alone in an indictable offense under 26 U.S.C. § 7206(1). Most of the government cases involved prosecution for the understatement of taxable income. *Gaunt, Null, Siravo, Silverstein, Hartman, Tadio* and *Rayor*. In a few of the cases, it is unclear what material matter was falsely misstated. *Jernigan, Lodwick* and *Schepps*.

The mere fact that the government cases are not strict precedents for the indictment in the instant case does not, however, render them useless in our analysis. Defendants' historical position that there have been no reported prosecutions under § 7206(1) for false statement as to source of income alone is not dispositive of the issue whether source of income is a material matter under the statute, the false statement of which is indictable. The reported cases, while involving fact patterns where there had been understatement of the amount of income, did not focus on the particular material matter which had been misstated. Rather, these courts found a more general rationale underlying the section.

■ One of the more basic tenents running through all the cases is that the purpose behind the statute is to prosecute those who intentionally falsify their tax returns regardless of the precise ultimate effect that such falsification may have. In the early and oft-cited *Gaunt* case, it was stated:

It seems to us clear that the latter subsection [§ 145(c) of the 1939 Code, which is virtually identical to its successor § 7206(1)] makes it a felony merely to make and subscribe a tax return without believing it to be true and correct as to every material matter, whether or not the purpose in so doing was to evade or defeat the payment of taxes. That is to say, it seems to us that the subsection's purpose is to impose the penalties for perjury upon those who willfully falsify their returns regardless of the tax consequences of the falsehood. 184 F.2d at 288.

The *Gaunt* case has been followed and cited for this particular point in numerous subsequent cases. *See Jernigan, Lodwick, Hartman* and *Tadio*.

Another basic rationale for prohibiting any falsity on the return is that without truthful representation as to all matters it becomes administratively more difficult, if not impossible, for the Internal Revenue Service (IRS) to compute the amount of tax due or to check on the accuracy of returns. In *Rayor*, the court borrowed a test for materiality from the D. C. Circuit in Weinstock v. United States, 97 U.S.App.D.C. 365, 231 F.2d 699 (1956), a prosecution under the federal false statement statute, 18 U.S.C. § 1001, for submitting an allegedly false affidavit to the Subversive Activities Control Board, where the D. C. Circuit stated:

The test [for materiality] is whether the false statement has a natural tendency to influence, or was capable of influencing, the decision of the tribunal in making a determination required to be made. 231 F.2d at 701–702.

The idea that a matter is material under § 7206(1) if it would have a tendency to influence the IRS in its normal processing of tax returns was reiterated in *Null, supra.*

Each of these analyses of the statute and its purpose argues for validating the indictment in the instant case. It is alleged in the indictment that the defendants wilfully falsified their tax returns. So under *Gaunt* and its progeny, the indictment is valid. In addition, the indictment envisions no mere oversight or mistake. The W–2 forms defendants attached to their tax returns were allegedly fabricated. Certainly, such a scheme would impede the IRS in its quite proper role of auditing and investigating returns and would be material under *Rayor* and *Null.*

Even defendants' argument that there can be no prosecution except for understatement of income reflects the importance and *materiality* of the source of one's income as reported on the tax return. Without truthful representation of the source of income, it is impossible for the government to determine whether the amount paid is in fact understated, overstated, or correct. Surely, save the amount, there is no more material matter on the tax return than the source of income.

Moreover, the consequence of accepting defendants' position would be to open one of the widest loopholes in the tax structure. To allow taxpayers to wilfully misstate and fabricate the source of their income would thereby render virtually impossible the task of ascertaining whether the amount of income as reported is accurate. Evasion of income tax would become much easier. It is inconceivable that Congress could have intended that this statute be construed in a manner that would make it impossible for the IRS to verify and check the accuracy of the amounts reported.

■ In summary, we hold that the source of one's income as stated on the federal income tax return is a material matter within the meaning of 26 U.S.C.

§ 7206(1), and that, as such, the government may properly prosecute a taxpayer for falsely stating the source of his income on his federal income tax return. Accordingly, defendants' motion to dismiss the indictment is denied.

An appropriate order will enter.