UNITED STATES of America, Appellee,

v.

Bernard H. ROMANOW, Defendant-Appellant.

No. 74-1240.

United States Court of Appeals, First Circuit.

Heard Oct. 9, 1974.

Decided Nov. 22, 1974.

Peter J. Rubin, Portland, Me., with whom Jerome F. Goldberg and Bernstein, Shur, Sawyer & Nelson, Portland, Me., were on brief, for defendant-appellant.

Rufus E. Stetson, Jr., Asst. U.S. Atty., with whom Peter Mills, U.S. Atty., Bangor, Me., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

McENTEE, Circuit Judge.

Appellant, treasurer of the Romanow Furniture Company in Portland, Maine, was convicted on three counts of violating 26 U.S.C. § 7206(1) (1970), which proscribes willfully making any false material declaration on a tax form subject to the penalties of perjury.[1] The tax form involved is the Employer's Quarterly Federal Tax Return, IRS Form 941, which employers must file each quarter to report to IRS the amount of money withheld from employees' wages and turned over to the Treasury Department to pay employees' income and social security tax liabilities. Line 11a, which appears near the top of this form and is highlighted by being the only line in red type, reads "TOTAL TAXES DEPOSITED FOR THE QUARTER (See instructions on Page 4)" and is followed by a box for the appropriate amount. Further down the form, immediately above the line allotted for the employer's signature, is the IRS perjury warning, which reads: "Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete."

Appellant was charged with filing Form 941 for each of three quarters—the fourth quarter of 1969 and the first and third quarters of 1970—while knowing that the deposit declared in line 11a had not actually been made. Appellant admitted that he had signed the three returns in question and that he knew at the time the returns were filed the deposits had not been made for any of the nine months involved except the first one, i. e., October 1969. Appellant raises three arguments why we should overturn his conviction.

First, he claims that the only evidence presented from which the jurors could infer that he *knowingly* made a false declaration that the liability had been paid was his signature on the quarterly returns, and that this was insufficient evidence to convict him of the act proscribed by § 7206(1). Appellant testified that he thought he was merely making an information return to IRS; he claims he was unaware that he was also affirming that the declared liability had been satisfied. Though appellant denies that he ever read the Form 941, it is clear that a jury could disbelieve him and conclude from nothing more than the presence of his uncontested signature that he had in fact read the Form 941. "[T]he signature at the bottom of the return is *prima facie* evidence that the signor knows the contents of the return." United States v. Harper, 458 F.2d 891, 894–895 (7th Cir. 1971), cert. denied, 406 U.S. 930, 92 S.Ct. 1772, 32 L.Ed.2d 132 (1972); United States v. Bass, 425 F.2d 161, 163 (7th Cir. 1970); United States v. Wainwright, 413 F.2d

---

1. The relevant part of the statute reads:
"Any person who—
   (1) Declaration under penalties of perjury.—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . .

. . . . .

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution."

796 (10th Cir. 1969), cert. denied, 396 U.S. 1009, 90 S.Ct. 566, 24 L.Ed.2d 501 (1970); Lurding v. United States, 179 F.2d 419, 421 (6th Cir. 1950). *See also* Paschen v. United States, 70 F.2d 491, 498–499 (7th Cir. 1934). We reject appellant's claim that the jury must have something more than his signature to infer that he read the returns.

Affirmed.

(The balance of this opinion, dealing with evidentiary exceptions, is of no precedential value and is not released for publication. See Local Rules, Appendix B.)