**UNITED STATES of America,
Appellee,**

v.

**Harold M. ROMANOW,
Defendant-Appellant.**

**No. 74–1273.**

United States Court of Appeals,
First Circuit.

Submitted Dec. 3, 1974.

Decided Jan. 3, 1975.

Peter J. Rubin, Jerome F. Goldberg, and Bernstein, Shur, Sawyer & Nelson, Portland, Me., on brief, for appellant.

Peter Mills, U. S. Atty. and Rufus E. Stetson, Jr., Asst. U. S. Atty., on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Appellant and his brother, co-owners of a large furniture store, were indicted and tried separately for violations of Int. Rev.Code § 7206(1), which makes it a felony for any person to willfully make and subscribe

> "any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter."

The four count indictment against appellant was based upon incorrect entries in four Employers Quarterly Federal Tax Returns, IRS Form 941, filed in 1970 and 1971. His brother was indicted on 3 counts for quarters in 1969 and 1970. Both were found guilty on all counts, and both filed appeals here.

It is admitted that the returns were incorrect and that appellant had signed those which were the subject of his indictment. Appellant contends, however, that he cannot be found to have *willfully* violated the statute unless the evidence established that he knew of the falsity of these entries. He maintains that there was no evidence that he had ever examined the contents of the returns (which were prepared by a bookkeeper), merely that he had signed them; and that the jury thus had no basis from which to infer the requisite knowledge.

Appellant's brother presented this same claim in his appeal, and we decided it was without merit. United States v. Romanow, 505 F.2d 813 (1st Cir. 1974). We held that the jury could "conclude from nothing more than the presence of his uncontested signature that he had in fact read the Form 941." 505 F.2d at 814. We reach the same conclusion here.

Appellant's second claim is that the admitted falsity in the return was not a "material matter" and therefore did not violate the statute. Examination of this contention requires some understanding of the taxing scheme of which Form 941 is a part.

Employers are required to withhold from their employees' wages the federal employment taxes imposed on those salaries. See Int.Rev.Code §§ 3102, 3402. The employer holds the sums collected in trust for the Government and is required by the Commissioner of Internal Revenue to make periodic deposits of these monies in depositary banks of the federal reserve system. See Int.Rev.Code §§ 3501, 6302; Treas.Regs. 31.3501–31.-6302(c)–4. The Internal Revenue Service (IRS) "draws on" these accounts to satisfy the employer's liability for the withheld taxes.

The employer is required to file Form 941 quarterly. It contains, among other items, information as to the total wages paid which were subject to the withhold-

ing tax, the amount of tax actually withheld by the employer, a computation of the tax liability of the employer, and the amount of withheld tax monies actually deposited in the federal reserve bank for the quarter. The form then contains instructions for adjusting the total deposits figure to reflect any previous overpayments by the taxpayer, as well as several lines for calculating the taxpayer's current tax balance. By computing these the employer determines whether he is to remit additional funds to the Government or is entitled to a refund or credit from excess deposits. Appellant is charged with falsely reporting the sums actually deposited for the quarter. He subscribed returns indicating that sums had been deposited with the federal reserve bank when in fact they had not. The district court instructed the jury that these misstatements would be material as a matter of law.

Appellant urges that the test of materiality under section 7206(1) is whether the statement was necessary to compute the tax involved or could influence or affect the IRS in carrying out its function. United States v. Rayor, 204 F.Supp. 486 (S.D.Cal.1962); United States v. DiVarco, 343 F.Supp. 101 (N.D. Ill.1972), aff'd, 484 F.2d 670 (7th Cir. 1973). Assuming this to be so, we think the questioned data is plainly material. It is a necessary item to compute what is currently due and owing between taxpayer and the Government. If deposits do not equal or exceed the current tax liability, taxpayer must remit to the IRS the balance due. Moreover, an IRS representative examining Form 941 could ascertain whether the taxpayer was in compliance with the statute or was in default. The latter determination would undoubtedly lead the IRS to take action to protect its tax revenues.

■ Appellant contends that the IRS makes no use of the information he is charged with falsifying. Form 941 returns are normally processed by a computer which is not programmed to consider the entry regarding deposits made for the quarter. Instead, the computer

receives data directly from the depositary banks regarding deposits actually made. It then compares this information against the employer's total reported tax liability. It follows, appellant maintains, that the information at issue was immaterial. But this argument confuses materiality with the consequences of a falsehood. We have said that the primary purpose of section 7206(1) "is to impose the penalties of perjury upon those who wilfully falsify their returns regardless of the tax consequences of the falsehood." Gaunt v. United States, 184 F.2d 284, 288 (1st Cir. 1950); see DiVarco, supra, 343 F.Supp. at 103. Perjury occurs when the false entry is made, even if never relied upon. See United States v. Noveck, 273 U.S. 202, 206, 47 S.Ct. 341, 71 L.Ed. 610 (1927). The falsified information was no less material because the Government chose to rely on information furnished by the depositary banks rather than that submitted by the taxpayer. Materiality under section 7206(1) is to be measured objectively by a statement's potential rather than by its actual impact. Cf. United States v. Quirk, 167 F.Supp. 462, 464 (E.D.Pa. 1958), aff'd, 266 F.2d 26 (3d Cir. 1959); Brandow v. United States, 268 F.2d 559, 564–565 (9th Cir. 1959).

■ Appellant's final argument is that even if the deposit information might be material, the trial court erred in ruling it so as a matter of law. We find no error. While there is some suggestion in another context that the issue of materiality under section 7206(1) may be submitted to a jury, United States v. Null, 415 F.2d 1178, 1181 (4th Cir. 1969), we think it properly within the province of the trial judge—at least in the ordinary case where the underlying facts are not themselves in dispute. Cf. United States v. East, 416 F.2d 351, 355 (9th Cir. 1969). The long accepted general rule is that "the materiality of what is falsely sworn, when an element in the crime of perjury, is [a question] for the court." Sinclair v. United States, 279 U.S. 263, 298, 49 S.Ct. 268, 273, 73 L.Ed. 692 (1929). See generally Annot., 62 A.L.

R.2d 1027 (1958). In the present case, the materiality was beyond question.

The judgment of the district court is affirmed.