UNITED STATES of America
v.
Robert Edward COOK, Appellant.
No. 17548.

United States Court of Appeals
Third Circuit.
Argued June 6, 1969.
Decided June 26, 1969.

James Hunter, III, Archer, Greiner, Hunter & Read, Camden, N. J., for appellant.

Robert W. Page, Asst. U. S. Atty., Camden, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before HASTIE, Chief Judge, and FREEDMAN and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

After trial by the court, appellant was convicted on all five counts of an indictment charging him with violations of various statutes pertaining to the unlawful manufacture and sale of alcoholic liquor. He appeals and argues that the evidence was insufficient to support the conviction under any count.

The first three counts, generally speaking, dealt with the possession of an unregistered still, being a distiller without giving bond and fermenting mash on premises unauthorized for that purpose. We think the evidence was more than sufficient to support his conviction on them.

As to count four, which charged him with concealing untaxed distilled spirits with intent to defeat the collection of said tax in violation of 26 U.S.C.A. § 7206(4), we think the evidence as to the appellant's taxable operation, and particularly that showing the clandestine na-

ture of the operation, fully justified the inference that he was concealing it with an intent to defeat the collection of taxes.

Finally, as to count five, which dealt with the removal of untaxed distilled spirits with intent to defeat the collection of the required tax, the government relies on the testimony presented in support of count four as the basis for conviction. But a review of that evidence does not show that appellant removed any distilled spirits from the premises. Nor is there any evidence as to how long the still had been operating. Indeed, the surveillance by the federal agents apparently only commenced about two weeks before the arrest. Thus, there was no record basis for a possible inference of removal based on length of time the still had been in operation. We therefore conclude that there was insufficient evidence to support the conviction on the fifth count.

■ Appellant also contends that the third count, dealing with his activities on unauthorized premises, was defective and requires a reversal of the conviction on that count because it identified as the statute violated one which was not in effect at the time of the alleged offense. We cannot here find that appellant was misled by this inadvertent error to his prejudice. Under these circumstances we think Rule 7(c) of the Federal Rules of Criminal Procedure is controlling:

> "Error in the citation or its omission shall not be ground[s] for * * reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

■ The district court imposed prison sentences for the convictions under the first three counts. It suspended sentence on the convictions under counts four and five and placed the appellant on probation for three years commencing at the end of the imprisonment. Because of our ruling as to count five and because the length of probation may have been fixed in part on the basis of the conviction thereunder, we conclude that the probation provision should be vacated so that the district court may reconsider the probation provision in the light of our ruling.

The appellant's conviction under counts 1 to 4 inclusive will be affirmed. The conviction on count five will be reversed with a direction to the district court to enter a verdict of acquittal thereon. Finally, the provision for probation will be vacated so that the length of probation may be fixed in the light of the reversal of the conviction under count five.