**UNITED STATES of America, Appellee,**

v.

**Ewald Percival VAN WEST, Defendant, Appellant.**

**No. 71-1228.**

United States Court of Appeals, First Circuit.

Heard Feb. 3, 1972.

Decided Feb. 18, 1972.

Robert J. Griswold, San Juan, P. R., for defendant-appellant.

Jorge Rios Torres, Asst. U. S. Atty., with whom Julio Morales Sanchez, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Defendant was convicted of assaulting an officer of the Bureau of Customs while engaged in the performance of his official duties, a violation of 18 U.S.C. § 111.* Defendant, the pilot of a small twin-engined aircraft, was watching a customs officer search his airplane after its arrival at San Juan, Puerto Rico, from the Virgin Islands. He became agitated when the officer insisted upon inspecting a lunch sack, grabbed the sack, called the officer names and hit him in the face with a spray can. A complaint was filed in the district court charging defendant with violation of section 111, but thereafter he was indicted on a one-count indictment which did not mention section 111, but listed, instead, sections 113 and 1114. Section 1114 is used, in part, to designate officials the assaulting of whom is made a federal crime by section 111. *See* note, ante. It has no connection with section 113. Correspondingly, the body of the indictment was appropriate to section 111, and unrelated to section 113.

At the conclusion of the government's case defendant moved for acquittal, claiming that the government had not proved maritime or territorial jurisdiction as required by section 113. The court determined that the use of section 113 in the indictment's caption was a technical error, and ordered it changed to section 111. The trial then continued. Defendant was convicted, and he appeals.

We find defendant's position lacking in merit. Under F.R.Crim.P. 7(c) the miscitation of a statute is not material if "the error . . . did not mislead the defendant to his prejudice." *See* Gaunt v. United States, 1 Cir., 1950, 184 F.2d 284, 289, cert. denied 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662; United States v. Cook, 3 Cir., 1969, 412 F.2d 293, cert. denied 396 U.S. 969, 90 S.Ct. 451, 24 L. Ed.2d 434. *See also* Russell v. United States, 1962, 369 U.S. 749, 760–763, 82 S.Ct. 1038, 8 L.Ed.2d 240. Defendant here could not have been misled by the erroneous citation of section 113. Not only was it apparent on the face of the indictment that the reference to section 113 was erroneous, but from defendant's counsel's examination of the government witnesses it is clear that he was concerned with the specific allegations of the indictment, which set forth a case precisely within section 111. Defendant's claim that he was misled by the penalty provision, which under section 111 is larger than under section 113, might be relevant if he had pleaded guilty, but it is meaningless when he went to trial. Defendant knew that he was being tried for the assault of a federal officer in the performance of his official duties. That was enough.

Affirmed.

---

* "Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both."